Carpinelli *v.* Penn Steel Castings Co. et al.,
Appellants.

Argued June 20, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Earl Thomas Britt,* with him *Paul H. Ferguson* and *Frederick W. Anton, III,* for appellants.

*Joseph A. Purul, Jr.,* with him *Thomas E. Roberts,* Counsel, State Workmen's Insurance Fund, *Raymond Kleiman,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for Commonwealth, appellant.

*Charles F. Quinn,* with him *Sheer & Mazzocone,* for appellee.

OPINION BY SPAULDING, J., March 23, 1967:

In an accident many years prior to this claim, claimant lost his right leg approximately six inches above the ankle. On August 27, 1957 in the course of employment with defendant Penn Steel Castings Company, claimant injured his right arm which resulted in its amputation and his total disablement.

Two questions are presented on appeal. The first, never previously before this Court, is whether claimant is entitled to total disability payments under §306.1 of the Act of 1915, June 2, P. L. 736, as amended, 77 P.S. §516, which provides in pertinent part: "If an employe, who has incurred (through accident or otherwise) permanent partial disability, through the loss, or loss of use of, one hand, one arm, one foot, one leg or one eye, incurs total disability through a subsequent injury, causing loss, or loss of use of, *another hand, arm, foot, leg or eye,* he shall be entitled to additional compensation as follows: After the cessation of payments by the employer for the period of weeks prescribed . . . for the subsequent injury, additional compensation shall be paid during the continuance of total disability, at the weekly compensation rate applicable for total disability, for the remainder of the five hundred week period . . . . This additional compensation

shall be paid by the Commonwealth only upon an award by a compensation referee or the board." (Emphasis added.)

The Board found claimant was totally disabled because of the previous loss of his leg. It awarded total disability compensation to be paid by the Commonwealth out of the Second Injury Reserve Fund, after the cessation of payments by the employer for loss of the arm.

The Commonwealth contends that "another hand, arm, foot, leg or eye" in §306.1 means total disability resulting from a corresponding member and does not include the loss of a noncorresponding member. The court below ruled against this contention.

Under the Statutory Construction Act, 1937, May 28, P. L. 1019, §51, 46. P.S. §551, where legislative language is "clear and free from all ambiguity", it is to be given literal effect.[1]  In the context of §306.1, the meaning of "another" is not clear. This section was enacted in 1945 when an influx of handicapped war veterans was anticipated. The 1945 Legislative Journal indicates that the underlying purpose was to liberalize the compensation law "to give the handicapped worker greater opportunity and . . . to provide less risk for employers . . .". 29 Pa. Leg. J. p. 3773.

The legislature intended, through the enactment of §306.1, to encourage the hiring of handicapped veterans and civilians by creating the Second Injury Re-

---

[1] The statute further provides: "When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law."

serve Fund and by notifying employers that if a handicapped employe sustained a subsequent injury resulting in total disability, the burden of paying additional compensation would be on the Commonwealth and not the employer. This purpose would not be served by limiting §306.1 to the loss of corresponding members.

Moreover, the Workmen's Compensation Law, being remedial legislation, should be construed liberally and interpretations resolved in favor of those it intended to benefit. *Wall v. Conn Welding and Machine Company*, 197 Pa. Superior Ct. 360, 367, 179 A. 2d 235, 238 (1962).

We therefore hold that §306.1 includes the situation where a claimant becomes totally disabled through the loss of an additional, though noncorresponding member of his body.

Appellants also allege that the compensation claim was not timely filed.

Claimant notified his employer of the accident on the day it occurred but did not file a claim petition until February 1959, more than seventeen months later. Section 315 of the Workmen's Compensation Act bars claims unless filed within sixteen months after the accident.[2] Where, however, payments of compensation have been made, this limitation does not take effect until sixteen months after the making of the last payment before the petition is filed. A proviso removes from consideration payments made "under an established plan or policy of insurance for the payment of benefits on account of non-occupational illness or in-

---

[2] Section 315 provides: "In cases of personal injury all claims for compensation shall be forever barred, unless, within sixteen months after the accident, the parties shall have agreed upon the compensation payable under this article; or unless within sixteen months after the accident, one of the parties shall have filed a petition as provided . . . ."

jury." As amended 1956, February 28, P. L. (1955) 1120, §1, 77 P.S. §602.

The statute may be tolled where the employer, by payment of wages or other conduct, acts in such a way as to mislead the claimant into inaction. *Behanna v. Meyers*, 158 Pa. Superior Ct. 208, 44 A. 2d 600 (1945); *Thorn v. Strawbridge & Clothier*, 191 Pa. Superior Ct. 59, 155 A. 2d 414 (1959).

In the instant case, claimant continued to work approximately two weeks after the accident, when his employer's paymaster gave him a layoff slip and told him he was entitled to company benefits and unemployment compensation until he returned to work. Thereafter, claimant received weekly unemployment compensation plus an additional check for the balance of his full salary. On several occasions, he told the paymaster he would go to the hospital for an operation when called. He was hospitalized February 27, 1958 and his arm was amputated three weeks later. When he returned, he was informed that the company would assume no further responsibility.

The employer asserts that the supplemental checks were not in lieu of workmen's compensation, but were additional employment benefits under the union contract. The Board held these payments "did in fact mislead and deceive claimant, whether intentionally or not, and as a result he was induced to withhold the filing of his petition."

The Board's finding that plaintiff was misled is a finding of fact and, unless unsupported by evidence, is binding on appeal. *Symons, Jr. v. National Electric Products, Inc.*, 414 Pa. 505, 200 A. 2d 871 (1964); *Banas v. Eagle Coal Company*, 196 Pa. Superior Ct. 580, 175 A. 2d 897 (1961). There is evidence to support the finding of the Board.

Decision affirmed.