## Kushner v. Strick Trailer Co.

*James E. Colleran,* for appellant.
*David Pennington,* contra.

HIRSH, J., February 23, 1973.—This matter is before this court on claimant's appeal from the decision of the Workmen's Compensation Board of Pennsylvania and his petition for a writ of certiorari. Appellant-claimant was an employe of Strick Trailer Co. on February 16, 1962, when he was injured by an accident while on the job. On April 2, 1962, a com-

pensation agreement was executed by the parties providing for total disability benefits of $47.50 per week. These disability benefits were paid to appellant until September 16, 1962, when he executed a final receipt indicating his return to work on September 17, 1962. Appellant continued to work until June 16, 1964, when the pain in his back became unbearable and it was necessary to again hospitalize appellant for an operation directly connected with his initial injury. During this hospitalization appellant asked his wife to advise his employer, Strick Trailer Co., of his pending operation and to request workmen's compensation forms to reinstate his disability benefits.

Appellant's wife went to the employer's place of business and was informed that appellant was not entitled to any further workmen's compensation benefits but was given certain forms for a separate sick benefit plan to be completed by appellant and his attending physician. Appellant then sent his wife back to the employer to get the workmen's compensation forms he desired. Again, she was told by the employer that appellant was not entitled to any more workmen's compensation payments. Appellant's wife then completed the sick benefit forms and collected the maximum 30 weeks of payments. Appellant was eventually discharged from the hospital but never returned to work because of his injuries and subsequent rehospitalizations. However, appellant filed a petition to set aside the final receipt on November 21, 1966, which was four years and two months after the execution of the final receipt on September 17, 1962. Although the Statute of Limitations had run after two years, 77 PS §1001, as amended 1956, the referee found that appellant failed to file his

reinstatement petition due to representations made by defendant-employer and concluded that the bar of the Statute of Limitations was tolled.

The issue in this case is whether or not the statements by the employer's agent that appellant was not entitled to any further workmen's compensation benefits, coupled with the delivery of the sick benefit forms to appellant's wife, tolled the two year Statute of Limitations.

Appellant contends that he was lulled into a false sense of security by the employer's conduct and should be permitted to reinstate his claim on the basis of principles set out in Angermier v. Hubley Manufacturing Co., 206 Pa. Superior Ct. 422, 213 A.2d 171 (1965), and Carpinelli v. Penn Steel Castings Co., 209 Pa. Superior Ct. 390, 227 A.2d 912 (1967). However, in both these cases the employe-claimant was lulled into a false security by the employer's assurances that everything would be taken care of. In Angermier, the claimant was under the continuous care of his employer's physician, was advised that employer's insurance company was informed of the accident and had some medical bills paid by the insurance company. In Carpinelli the disabled employe was given assurances as to his right to benefits and was in fact paid some benefits. Here appellant was not given such assurances. His wife was bluntly informed that his employer would not pay any workmen's compensation benefits. Although the employer's position may have been incorrect, appellant was definitely not lulled into a false sense of security and was put on notice that the employer was not going to act on his behalf. Rather than acting to protect his rights, appellant took no steps within the two year period from September 17, 1962, to September 17, 1964, to reinstate his claim. Instead he waited

until November 21, 1966, which is 2 years and 2 months beyond the period provided by the Statute. But even assuming that appellant was lulled into a false sense of security, the declarations and conduct of the employer do not give appellant an indefinite time within which he might thereafter file his reinstatement petition: Mucha v. M. L. Bayard & Co., Inc., 177 Pa. Superior Ct. 138, 108 A.2d 925 (1954). Therefore, even if the employer's conduct tolled the statute, the Statute of Limitations would have run on appellant's reinstatement petition which was filed on November 21, 1966, more than two years from the time of the employer's conduct during June 1964. Therefore, even on appellant's own theory, the Statute of Limitations has run and the decision of the Workmen's Compensation Board to reverse the referee and sustain defendant-employer's appeal was correct.

Accordingly, it is therefore ordered that the decision of the Workmen's Compensation Board is affirmed and the appeal is dismissed.