Patricia M. Riccio, Petitioner *v.* Workmen's Compensation Appeal Board (Bi-Comp, Inc.), Respondents.

Argued May 11, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*John J. Shorb, Shorb, Shorb & Shorb,* for petitioner.

*Robert J. Stewart,* with him *Patricia A. Butler, Liverant, Senft and Cohen,* for respondent, Bi-Comp, Inc.

OPINION BY JUDGE BARBIERI, August 26, 1983:

Patricia M. Riccio, Claimant in this workmen's compensation case appeals to us from the decision by the Workmen's Compensation Appeal Board, affirming a referee's disallowance of compensation for injuries suffered by her on August 15, 1980. Compensation benefits were denied on the basis that Claimant's injury was not in the course of her employment, nor on the premises of the employer. We affirm.

Claimant's injury occurred on the sidewalk in front of her employer's place of business, approximately fifteen minutes before she was due at work. She had put down some packages on the landing attached to her employer's premises, and walked from there in the direction of a vending truck, not owned or controlled by the defendant, for coffee and buns before reporting for work. While walking from the platform toward the vending truck, she tripped and fell as a result of a crack in the sidewalk, suffering injuries to her right leg. The referee made a finding that the sidewalk in question was maintained by the defendant and kept free of snow in the winter; that Claimant's injuries did arise on part of the defendant's premises; but that Claimant was not engaged in the furtherance of defendant's business or affairs at the time of her injury. On these findings he disallowed compensation. On appeal the Board, in a thorough and well-reasoned opinion by Chairman Fergus, sustained the referee's disallowance. In its decision, the Board concurred with the referee's conclusion that Claimant was not engaged

in furthering the employer's business or affairs at the time of her injury, but disagreed with the referee's conclusion that she was injured "on the premises of the employer," citing cases including *Eberle v. Union Dental Co.*, 390 Pa. 112, 134 A.2d 559 (1957) and *Workmen's Compensation Appeal Board v. Hentish*, 20 Pa. Commonwealth Ct. 514, 341 A.2d 826 (1975). We agree with the Board.

Here, Claimant was a member of the general public on the public sidewalk and was not on a mission authorized, directed or otherwise related to her employment. *Eberle.* In fact, her mission is akin to that of an employee on a public way while traveling from employment on a luncheon trip. Uniformly, in such cases, compensation has been disallowed. *Giebel v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 333, 339 A.2d 152 (1979). Cases where sidewalk injuries have been held compensable are readily distinguishable. In *Workmen's Compensation Appeal Board v. L.L. Stearns & Sons*, 20 Pa. Commonwealth Ct. 244, 341 A.2d 543 (1975), Claimant was injured by contacting a metal post placed by the employer on an extension to the sidewalk which was built and controlled by the employer. In *Workmen's Compensation Appeal Board v. Levy*, 23 Pa. Commonwealth Ct. 658, 354 A.2d 7 (1976), the sidewalk in question was the property of the employer by deed and it was held that the employer owned, occupied and controlled the sidewalk.

ORDER

Now, August 26, 1983, the order of the Workmen's Compensation Appeal Board, dated June 10, 1982, at Docket No. A-81864, is affirmed.