Marion R. Jones, Petitioner *v.* Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.), Respondents.

Argued December 12, 1984, before Judges WIL-
LIAMS, and BARRY and Senior Judge BLATT, sitting as
a panel of three.

*John W. McTiernan, McArdle, Caroselli, Spagnolli
& Beachler,* for petitioner.

*Michael D. Sherman,* with him, *Joseph F. Groch-
mal, Fried, Kane, Walters & Zuschlag,* for respon-
dents.

OPINION BY JUDGE BLATT, March 29, 1985:

Marion R. Jones (claimant) appeals here from an
order of the Workmen's Compensation Appeal Board
(Board) denying disability benefits on the basis that
her disabling injury was not sustained while she was
in the course of her employment.

The findings establish that the claimant, a regis-
tered nurse, was employed by Rehabilitation Coordi-
nators, Inc. (employer) as a rehabilitation coordinator
and that she worked out of her own home, setting her

own time and work schedule, and reporting to the employer's offices only for conferences and upon request. As part of her job she would go to clients' homes to meet with them and to accompany them on appointments with physicians and related personnel and would participate in the formulation and integration of treatment plans to facilitate their rehabilitation. She performed part of her work at home, such as writing reports and making telephone calls, and, while she was paid for that time and for her out of pocket expenses, the employer did not pay for the use of her home as an office or for any home maintenance. The employer paid her for her professional time as well as for her traveling and waiting time, and paid her mileage to and from her assignments. It was further found that her employment and earning time ran from when she entered her car to undertake an assignment until she left it upon the assignment's completion. On the date of the injury in question, she had taken a client for an examination, brought him back to his home, then returned to her own home. She parked her car in front, crossed the sidewalk and ascended the steps to a walk on her property where she slipped and fell on a patch of ice, suffering the injuries resulting in her disability.

Section 301(c) of the Workmen's Compensation Act[1] (Act) provides that, for purposes of the Act, compensable injuries include those sustained while an employee is engaged in the furtherance of the employer's affairs or his business, "whether upon the employer's premises or elsewhere." 77 P.S. §411(1). These provisions have been applied expansively, in cases involving traveling employees, through the "going and coming rule", which established four exceptions to the maxim that injuries sustained while an employee is going to or coming from work may not be considered

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411.

to have occurred in the course of employment. Accordingly, an employee's injury sustained while going to or coming from work may be deemed to have occurred in the course of his employment if: (1) the employment contract included transportation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on special assignment for the employer; or (4) special circumstances are such that the claimant was furthering the business of the employer. *William F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa. Commonwealth Ct. 596, 464 A.2d 675 (1983).

The Board conceded that this claimant had no fixed place of work and that she was compensated for her transportation expenses. It determined, however, that, on the date of the injury in question, her transportation was over when she parked her car, and that she was then "home" and no longer performing her duties as an employee. It then further noted that, while she did work for the employer at her house, her intentions on entering the house were merely to prepare dinner, not to work for the employer. The Board concluded that the injury did not occur in the course of her employment because what she was doing did not bring her within any of the exceptions to the "going and coming" rule.

In workmen's compensation cases the burden is on the claimant seeking benefits to demonstrate eligibility, and, where the party with the burden of proof failed to prevail below, our scope of review is limited to determining whether or not the findings of fact are consistent with each other and with the conclusions of law and whether or not they may be sustained without a capricious disregard of competent evidence. *Hepp v. Workmen's Compensation Appeal Board (B.P. Oil Co.)*, 67 Pa. Commonwealth Ct. 330, 447 A.

2d 337 (1982). And, of course, whether or not an injury resulting in a disability occurred during the course of employment is a question of law subject to our review. *Setley v. Workmen's Compensation Appeal Board (Kawecki Berylco Industries)*, 69 Pa. Commonwealth Ct. 241, 451 A.2d 10 (1982).

The employer's witness, who was responsible for supervising its operations for the claimant's region, testified unequivocally and without contradiction that the claimant was paid her regular wages for her transportation time on a *portal to portal* basis. We believe, therefore, that the Board's finding that her earning time began and ended with her entering and leaving her car was in capricious disregard of the evidence.

In *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens)*, 70 Pa. Commonwealth Ct. 163, 452 A.2d 902 (1982) we noted that a traveling employee is within the course of employment "unless what he was doing at the time of the accident is so foreign to and removed from his usual employment as to constitute an abandonment thereof." *Id.* at 166, 452 A.2d at 904. The employer argues that this case does not apply here because it involved a bus driver injured while taking an authorized lunch break. It argues that the claimant here had virtually abandoned her employment at the time of injury because she had finished with her use of the automobile for transportation. At the time of her injury, however, this claimant was not on her own time, but the employer's, and was being paid for that time pursuant to the employer's personnel policy, which anticipated her return home as incidental to the duties she performed there and elsewhere on its behalf. A homeward trip under such circumstances is a necessary part of employment, *Oakes v. Workmen's Compensation*

*Appeal Board (Pennsylvania Electric Co.)*, 79 Pa. Commonwealth Ct. 454, 469 A.2d 723 (1984). We believe, therefore, that the *Port Authority* case is applicable here. Clearly, the claimant had not left her course of employment merely because she parked her car in front of her house. The employer had contracted for her services from the time she left her house until she had returned to it, and there were no intervening circumstances to suggest that she had been up to that time engaged in any duties other than those relating to her employment.

We will, therefore, reverse the order of the Board.

ORDER

AND Now, this 29th day of March, 1985, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.

Judge WILLIAMS, JR., did not participate in the decision in this case.