525 A.2d 474

James R. Sherman, Jr., Deceased, Sandra Sherman DiBiase, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (National Advance Systems Corp.), Respondents.

Argued March 23, 1987, before Judges MACPHAIL and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Alexander H. Lindsay, Jr., Lindsay, Kemper & Lutz, P.C.,* for petitioner.

*Raymond F. Keisling,* with him, *James Schmitt, Ronald Ganassi, Will, Keisling, Ganassi & McCloskey,* for respondent.

OPINION BY JUDGE MACPHAIL, May 8, 1987:

Sandra Sherman DiBiase (Claimant) petitions for our review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Claimant's Fatal Claim Petition. We affirm.

Claimant's husband (decedent) was fatally injured on October 11, 1979 when his Triumph sports car, which the referee found he was operating at a high rate of speed, collided with a bridge abutment. At the time of his death, decedent was employed by National Advance Systems Corporation (Employer).

As found by the referee, decedent, immediately prior to his fatal accident, had been at a retirement party for an employee of Bessemer and Lake Erie Railroad (B&LE), a large customer of Employer. Dr. Winek, a

toxicologist, testified that based on decedent's blood alcohol level[1] which was .14%, decedent was significantly impaired for purposes of operating an automobile safely. He further testified that in his opinion the accident was directly related to decedent's consumption of alcohol.[2] Based on this testimony and the testimony of witnesses who observed decedent's operation of his vehicle immediately prior to the accident, the referee found that decedent was driving while intoxicated and concluded that decedent's intoxication caused the fatal auto accident. He further found that decedent was not in the course of his employment at the time of the fatal accident.

Claimant argues here that there was no substantial evidence to support the referee's conclusion either that decedent's driving while intoxicated proximately caused his death or that decedent was not in the course of his employment at the time of his death. After a very thorough review of the record, we are constrained to affirm the Board's decision.

---

[1] The blood sample was taken at the autopsy.

[2] Dr. Winek's testimony was as follows:

Q: Do you have an opinion as to whether the decedent in this case, Mr. James Sherman, was intoxicated at the time of his death?

A: Yes, I do.

Q: What is your opinion?

A: That he was intoxicated at the time of his death, that the effects [sic] of ethyl alcohol was significant, that he was impaired for purposes of safely operating a motor vehicle, and that it was the effect of alcohol in removing inhibitions and the effect of alcohol on reaction time, distance judgment and you have impairment of both those things at this level, that the alcohol level was directly responsible for his accident and subsequent death.

Deposition from November 5, 1981 at 28-29, Reproduced Record at 128a, 129a.

Section 301(a) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §431, bars recovery where death is caused by the employee's violation of law. Claimant argues here that although decedent had a high blood alcohol level, Employer has not shown that his intoxication proximately caused his accident and cites *Oakes v. Workmen's Compensation Appeal Board (Pennsylvania Electric Co.)*, 79 Pa. Commonwealth Ct. 454, 469 A.2d 723 (1984) (stating that an employee's violation of law must be shown to be the proximate cause of his death to bar recovery).

*Oakes* is distinguishable on its facts. In *Oakes,* the referee specifically found that although the decedent was severely intoxicated, he did not swerve to avoid an oncoming automobile because had he done so he would have likely struck a pedestrian. The referee further found that "there was no showing that the Decedent's intoxication caused the accident." *Id.* at 458, 469 A.2d at 726 (emphasis deleted). In the case *sub judice,* the referee found that the decedent was driving while intoxicated and in violation of law. The referee concluded that decedent's violation of law caused his death. Contrary to Claimant's argument, there is substantial evidence in the record to support this critical finding.

Since we conclude that recovery is barred by Section 301(a) of the Act, we need not address Claimant's contention that decedent was in the course of his employment at the time of the accident.

The Board's order is affirmed.

### ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.