597 A.2d 1241

**DENNY'S RESTAURANT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (STANTON), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 2, 1991.

Decided Sept. 27, 1991.

532

John B. Alessandroni, for petitioner.

Edward F. Chacker and Daniel J. Siegel, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Denny's Restaurant (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision awarding disability benefits to Phillip Stanton (Claimant) for injuries sustained while he was in the course of his employment. We affirm.

Claimant was employed as a busboy at Employer's Roxborough location and was in training to become a waiter at Employer's City Line Avenue location. On October 20, 1985, Claimant was scheduled to have a day off, but was called by David Mancuso, the manager of the Roxborough Denny's, to work as a waiter. Mr. Mancuso did not indicate to which location Claimant should report. After arriving at

the City Line Avenue Denny's, Claimant spoke by phone to Mr. Mancuso, and was told to come to the Roxborough Denny's. Claimant then took a bus from the one restaurant to the other. As Claimant was crossing the street after exiting from the bus, he was struck by a car and sustained serious injuries.

On January 16, 1986, Claimant filed a petition for compensation seeking total disability benefits as a result of the accident. Employer did not dispute the severity of Claimant's injuries nor the extent of his disability, but denied the allegation that the injury was work-related.

Claimant testified on his own behalf. He also presented the testimony of Pamela Ford, his girlfriend, and the deposition testimony of Jeanne Pelensky, M.D., one of his treating physicians. Employer presented the testimony of Mr. Mancuso.

In a decision issued October 23, 1989, the referee awarded benefits to Claimant, concluding that the injury occurred while the Claimant was acting in the scope of his employment. The following are pertinent findings of fact as formulated by the referee:

10. As to the issue of whether the Claimant's injury was in the scope of his employment with the Defendant, and related thereto, the Referee specifically finds as follows:

(a) David Mancuso, the Defendant's manager at the Roxborough restaurant, never specifically directed the Claimant to report to a specific location;

(b) The Claimant, when directed by David Mancuso to report to the Roxborough restaurant, was already at the Defendant's premises on City Line Avenue;

(c) At the time of his injury, the Claimant was in transit from one Defendant premises to another.

11. As a result of the Claimant's status at both restaurants, and lack of specific instruction as to where he should work on October 20, 1985, the Referee finds the Claimant's initial reporting to work at the City Line Avenue restaurant was reasonable.

Employer appealed to the Board alleging the referee committed an error of law when he concluded that Claimant was acting within the scope of employment at the time of the accident. However, the Board affirmed the referee's decision and Employer appealed to this Court.[1]

█ The issue raised for review by Employer is whether Claimant was engaged in the scope of his employment at the time of the accident. This issue is a question of law to be determined on the basis of the referee's findings of fact and is reviewable by this Court. *Jones v. Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.)*, 88 Pa. Commonwealth Ct. 426, 489 A.2d 1006 (1985).

Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act)[2] reads in pertinent part:

> The terms "injury" and "personal injury," as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto.... The term "injury arising in the course of his employment," ... shall include all other injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere....

█ Employer argues that Claimant was on his way to work at the time of his injury and had not yet begun to perform his duties for Employer. We have applied the "going-and-coming" rule to claims that arise while an employee is traveling to or coming from work. *Jones.* An employee's injury sustained at those times will not be considered to have occurred in the course of his employment, unless: "(1) the employment contract included trans-

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the referee's findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

portation to and from work; (2) the claimant has no fixed place of work; (3) the claimant is on special assignment for the employer; or (4) special circumstances are such that the claimant was furthering the business of the employer." *Id.*, 88 Pa.Commonwealth Ct. at 429, 489 A.2d at 1007–08. *See also W.F. Rittner Co. v. Workmen's Compensation Appeal Board (Rittner)*, 76 Pa.Commonwealth Ct. 596, 464 A.2d 675 (1983).

The referee found that "Claimant's employment with the Defendant did not include transportation to and from work. Moreover, the Claimant did have at least two fixed places of employment." Referee's Decision at p. 5. Furthermore, the referee found "that at the very least, Phillip Stanton was on a special mission for the Defendant or has established 'special circumstances' showing he was furthering the Defendant's business." *Id.*

An employee will be considered to have suffered an injury in the "course of employment" if the employee is injured while actually engaged in the furtherance of employer's business or affairs. *Pypers v. Workmen's Compensation Appeal Board (Baker)*, 105 Pa.Commonwealth Ct. 448, 524 A.2d 1046 (1987). Our courts have analyzed "course of employment" cases in two ways depending upon whether the employee is categorized as a "traveling employee" or a "stationary employee." *Collins v. Workmen's Compensation Appeal Board (American Society for Testing and Materials)*, 99 Pa.Commonwealth Ct. 228, 512 A.2d 1349 (1986), *petition for allowance of appeal denied*, 515 Pa. 610, 529 A.2d 1083 (1987). In cases concerning "traveling employees" the "course of employment" is broader with a presumption that the employee is engaged in the furtherance of employer's business. *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens)*, 70 Pa.Commonwealth Ct. 163, 452 A.2d 902 (1982). In cases concerning "stationary employees" the interpretation of "course of employment" is narrower. *Collins.* There must be evidence that the trip away from employer's premises was business related. *Id.*

In the case *sub judice* we see Claimant's position as one requiring no travel. The appropriate analysis is whether Claimant's leaving the premises was for purely personal reasons or whether his leaving was related to the duties he was required to perform. *Id.* Injuries, occurring during trips away from employer's premises, if such trips are personal in nature and have no relation to the business of employer, will not be held to have happened during the "course of employment" within the meaning of the Act. *Id.*

In the *Collins* case the employee was on her lunch break when she was injured in a fall on the sidewalk two blocks from the office building where she worked. In holding that the injury was not compensable, the *Collins* court quoted Judge Barbieri, who in *Riccio v. Workmen's Compensation Appeal Board (Bi–Comp, Inc.)*, 76 Pa.Commonwealth Ct. 573, 464 A.2d 669 (1983), explained the denial of benefits to a claimant injured on a sidewalk in front of employer's premises minutes before she was due at work. Judge Barbieri stated that:

> Claimant was a member of the general public on the public sidewalk and was not on a mission authorized, directed or otherwise related to her employment.... In fact, her mission is akin to that of an employee on a public way while traveling from employment on a luncheon trip. Uniformly, in such cases, compensation has been disallowed.

*Id.*, 76 Pa.Commonwealth Ct. at 575, 464 A.2d at 670 (citation deleted).

The facts in both the *Collins* and *Riccio* cases are distinguishable from those before us. In *Collins* the employee was on her lunch break, a personal mission, and in *Riccio* the employee had not yet arrived at work, so the going-and-coming rule is applicable.

Employer argues that *Wolfe v. Workmen's Compensation Appeal Board*, 65 Pa.Commonwealth Ct. 97, 442 A.2d 12 (1982) is analogous to the facts before our Court. In *Wolfe* the claimant was called at home and instructed to report to a specific location to work as a security guard. After exiting a bus, claimant purchased a newspaper. He

then proceeded to cross a public street and was injured when struck by an individual riding a bicycle. He had not reached the premises owned or controlled by the employer. The court held that since Wolfe had not yet reached his place of employment nor received his daily assignment, he was not engaged in the furtherance of employer's business.

Employer argues that Claimant's mistake in reporting to the wrong location does not distinguish the *Wolfe* case from the case at issue here. Employer wants this Court to conclude that Claimant was still in transit from his home to work. However, the fact that Claimant was not specifically told where to report (as was Wolfe) and then did report to work at the City Line Avenue Denny's sets apart the two cases.

Claimant had been training at the City Line Avenue Denny's to become a waiter. When Mr. Mancuso called requesting Claimant to report to work in the capacity of waiter, he did not specify at which location Claimant was needed. Although Claimant reported to the wrong location, he believed he was following Mr. Mancuso's directions, since his waiter training had taken place at the City Line Avenue location. After arriving at the incorrect location he was directed to report to the Roxborough premises. But for Mr. Mancuso's failure to specify the location where Claimant's services were needed, Claimant would not have been put in harm's way.

This failure to specify locations is what sets this case apart from cases concerning injuries that occur during an employee's commute to and from work. If Mr. Mancuso had notified Claimant that he was to report to the Roxborough location, Claimant would have proceeded directly from his home to work. Any injury occurring then would be covered by the going-and-coming rule and would not have been compensable. Claimant reasonably interpreted Mr. Mancuso's directive. This directive placed Claimant in the scope of employment when he arrived at the City Line Avenue Denny's. Claimant continued in the scope of employment during his trip to the Roxborough location.

Noting that substantial evidence exists in the record to support these findings, we conclude that Claimant was acting in the scope of Employer's business and that the injury which occurred while Claimant was in transit from one restaurant location to another arose in the "course of employment." Accordingly, we affirm.

## ORDER

AND NOW, this 27th day of September, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.