**Elizabeth J. SWARTZ, Administratrix of the Estate of John P. Swartz, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PORT CARBON MACHINE WORKS), Respondent.**

Commonwealth Court of Pennsylvania.

Argued April 12, 2000.
Filed May 22, 2000.

---

Debra A. Matherine, Frackville, for petitioner.

Martin C. Cunningham, Harrisburg, for respondent.

Before KELLEY, J., FLAHERTY, J., (P.), RODGERS, Senior Judge.

RODGERS, Senior Judge.

Elizabeth J. Swartz (Petitioner), Administratrix of the Estate of John P. Swartz Sr. (Decedent), petitions for review of an order of the Workers' Compensation Appeal Board (Board) that reversed a decision by a Workers' Compensation Judge (WCJ) that held that the Decedent's death before the expiration of a specific loss peri-od did not extinguish the Subsequent Injury Fund's (Fund) liability.

In 1991, Decedent sustained a below knee amputation of his left leg as a result of a non-work-related illness. Decedent later returned to work with Port Carbon Machine Works (Employer). On July 2, 1993 Decedent stepped on a metal spike at work, which resulted in the amputation of his toes and part of his right foot.

On March 4, 1994 Decedent filed a claim petition against Employer seeking benefits for the July 2, 1993 injury. Decedent and Employer entered into a supplemental agreement, which provided that the July 2, 1993 work injury had resolved into a specific loss as of August 18, 1994. A commutation of benefits was approved for 250 weeks of specific loss benefits, plus a 25–week healing period at the rate of $440.00 per week by order dated February 16, 1995.

Meanwhile, Decedent filed a Subsequent Injury Claim Petition with the Subsequent Injury Claim Fund (Fund) pursuant to Section 306.1 of the Workers' Compensation Act (Act).[1] However, Decedent died on November 7, 1995, and as a result the Department of Labor and Industry, Bureau of Workers' Compensation (Department) requested that the Subsequent Injury Claim Petition be dismissed, believing that the Decedent's death extinguished the Fund's liability to pay compensation benefits. The WCJ denied the request and ordered the Fund to pay Decedent's estate the Subsequent Injury Benefits at the total disability rate of $440.00 plus 10 percent interest from February 16, 1995 to November 6, 1995, i.e., from the date of the commutation to the date of death. Both Petitioner and the Department appealed to the Board, which reversed, reasoning that the Fund's liability would commence on November 24, 1999, the date

---

1. Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of May 29, 1945, P.L. 1186, 77 P.S. § 516. The Fund was enacted to encourage the hiring of handicapped veterans and civilians "by notifying employers that if a handicapped employe sustained a subsequent injury resulting in total disability, the burden of paying additional compensation would be on the Commonwealth and not on the employer." *Carpinelli v. Penn Steel Castings Co.,* 209 Pa.Super. 390, 227 A.2d 912, 913–14 (1967).

upon which the specific loss period would end.

Petitioner now appeals to this Court,[2] arguing that a claimant, who received a commutation of 275 weeks of specific loss benefits, should not be required to wait until the expiration of that period before he or she can receive benefits from the Subsequent Injury Fund. The very narrow issue in this case of first impression centers on whether the Fund's liability begins as of the date of the commutation or on the date when the specific loss period would end. If the Fund's liability begins on the date of the commutation than Decedent's estate is entitled to payment for the weeks between February 16, 1995 and November 6, 1995. Otherwise, if the Fund's liability only begins on the date that the specific loss period would end, November 24, 1999, Decedent's estate would not receive any of these benefits.

We begin our discussion by quoting Section 306.1 of the Act, which states in pertinent part:

> If an employe, who has incurred (through injury or otherwise) permanent partial disability, though the loss, or loss of use of, one hand, one arm, one foot, one leg or one eye, incurs total disability through a subsequent injury, causing loss, or loss of use of, another hand, arm, foot, leg or eye, he shall be entitled to additional compensation as follows: After the cessation of payments by the employer for the period of weeks prescribed in clause (c) of Section 306, for the subsequent injury, additional compensation shall be paid during the continuance of total disability, at the weekly compensation rate applicable for total disability. This additional compensation shall be paid by the department out of the subsequent injury fund created pursuant to Section 306.

Petitioner relies on *Acme Markets, Inc. v. Workmen's Compensation Appeal Board (Hopiak)*, 127 Pa.Cmwlth. 553, 562 A.2d 419 (1989), *petition for allowance of appeal denied*, 525 Pa. 648, 581 A.2d 574 (1990), a case that discusses the difference between disability benefits and specific loss benefits. The *Acme* case notes that total and partial disability benefits are based on a wage loss, while specific loss benefits "are not based on a loss of earning power, but on the loss of use of a particular member." *Id.* at 423. The *Acme* court further acknowledged that an employee may receive specific loss benefits at the same time he or she is earning full wages, while disability benefits only last until an employee returns to work.

One of the issues the *Acme* court resolved in favor of the claimant concerned whether an employee may receive both disability benefits and specific loss benefits concurrently where the disability arises from a separate and distinct injury, not a disability that would normally follow a specific loss. The *Acme* court contrasted the situation wherein two distinct and separate injuries occurred from a situation where multiple damages occur from the same injury. In the second scenario, total disability benefits would precede specific loss benefits.

Petitioner attempts to distinguish *Yeager v. Workmen's Compensation Appeal Board (Schneider, Inc.)*, 657 A.2d 1372 (Pa.Cmwlth.1995), *petition for allowance of appeal denied*, 542 Pa. 682, 668 A.2d 1142 (1995), a case relied on by the Board and the Department, emphasizing that *Yeager* dealt with partial and total disability benefits, while here we are concerned with disability benefits and specific loss benefits. The *Yeager* court held that commuted disability benefits should be deemed to extend throughout the disability period

---

**2.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

when determining a claimant's eligibility for additional benefits for a separate injury and that the sum of partial and total benefits cannot exceed maximum weekly benefit rate.

The Department argues in response that Petitioner disregards the language of the Act, "[a]fter the cessation of payments by the employer for the *period of weeks prescribed....*" (Emphasis added). Based on this language, the Department contends that although a commutation is the present payment of future benefits, the commutation only accelerates the payment of benefits not the time period for which the payments are made. The Department relies on *Yeager* for this proposition, although it recognizes that the discrete issue decided in *Yeager* concerned the amount of payment. Essentially, the Department believes Petitioner would be receiving double compensation.

The Department also relies on *Department of Labor and Industry, Bureau of Workers' Compensation v. Workmen's Compensation Appeal Board (Snyder),* 699 A.2d 1367 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 550 Pa. 710, 705 A.2d 1311 (1998), where the court in a footnote stated that "[b]ecause Claimant filed his claim petition before the expiration of that date, i.e., the period of time for which specific loss benefits were payable, he was within the statute of limitations, and, his claim against the Fund was timely." *Id.* at 1369, n. 4. In *Snyder,* the specific loss benefits were commuted, but the issue concerned whether the claimant was totally disabled as required before the Fund may make payments. However, the quoted language from the footnote confirms that the petition for benefits from the Fund was timely filed, using the period of time for which benefits for specific loss were payable as the yardstick, despite the commutation of those benefits.

■ Relying on the language of the Act, which included the phrase "for the period of weeks prescribed...." and the reasoning in *Yeager* and *Snyder,* we conclude that the Fund's liability is triggered on the date that the specific loss period would end. We also note that *Acme* is not contrary to the result we reach today. Here, both the specific loss benefits paid to Decedent via the commutation and the disability benefits Decedent hoped to receive from the Fund arose as a result of the same injury; there would just be different payors. Thus, pursuant to *Acme* a claimant cannot receive both disability benefits and specific loss benefits concurrently if the disability normally follows from the specific loss. We also believe that the result reached here is the most equitable, putting Decedent in the same position as a claimant who is paid over time for his specific loss. Such a claimant would not begin to receive the total disability benefits from the Fund until his specific loss benefits were paid in full.

■ Accordingly, for the reasons stated above, we conclude that in a situation where specific loss benefits are commuted, the Fund's liability begins on the date when the specific loss period ends. Thus, we affirm the Board's order.

### ORDER

NOW, May 22, 2000, the order of the Workers' Compensation Appeal Board, at No. A97–1637, dated July 29, 1999, is affirmed.