Filmer and Pauline Schreckengost and Insurance Company of North America, Petitioners *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Donald Hughey, Respondents.

588

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Ronald Ganassi,* with him *Will & Keisling,* for petitioners.

*Gerald C. Bish,* for respondents.

OPINION BY JUDGE ROGERS, June 28, 1979:

Filmer and Pauline Schreckengost and Insurance Company of North America have appealed from an order of the Workmen's Compensation Appeal Board which affirmed a referee's award of benefits to Donald Hughey. We affirm.

Donald Hughey was employed by the Schreckengosts as a truck driver. On February 17, 1975, he was directed to drive from the employer's place of business in Stanton, Pennsylvania to Cleveland, Ohio in a truck owned by the Schreckengosts to pick up a load of salt and then return to Pennsylvania. Hughey arrived in Cleveland and proceeded to Wills Trucking Company, to whom the truck was to be leased after it was loaded with salt, to pick up a loading slip. When he got there he was told that the salt plant was closed for the day. Hughey nevertheless went to the salt plant and took a place in a line of other trucks waiting at the plant gate to be loaded in the morning.

Hughey and two of the other truck drivers left their trucks in line at the salt plant and took a taxi to a restaurant. They had dinner, went to a bar for a beer and returned to their trucks where they were planning to sleep. Later the same evening, Hughey and his companions went in a truck to get snacks. They became lost on the way back to the salt plant and stopped to look at a map. Hughey went to the rear of the truck to relieve himself. He was accosted by a man who demanded Hughey's wallet and then shot Hughey in the face. Hughey lost his left eye.

Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §411(1), reads in pertinent part:

The terms 'injury' and 'personal injury,' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto . . . and wherever death is mentioned as a cause for compensation under this act, it shall mean only death resulting from such injury and its resultant effects. . . . The term 'injury arising in the course of his employment,' as used in this

article . . . shall include all . . . injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere. . . .

The appellants' sole contention is that Hughey's injuries were not related to his employment and did not arise in the course of his employment. In *Workmen's Compensation Appeal Board v. United States Steel Corporation*, 31 Pa. Commonwealth Ct. 329, 333, 376 A.2d 271, 273 (1977), we had occasion to consider the phrase "and related thereto." We observed that the phrase was added to Section 301(c) at the same time that the phrase "by an accident" modifying the word "injury" was deleted. We concluded that the purpose for adding "and related thereto" was to require a showing of causation between an injury occurring by natural causes and the worker's employment; and that the purpose was not to impose an additional burden upon claimants injured in accidents under circumstances which would have been compensable under the statute as it existed before the changes just referred to. Hughey's injuries were sustained in an accident because they were sustained in an attack which "so far as the evidence shows, was without provocation or premeditation, and merely the result of an evil mind. . . ." *See O'Rourke v. O'Rourke*, 278 Pa. 52, 56, 122 A. 172, 173 (1923).

The appellants nevertheless say that at the time of the accident the appellant had departed from the course of his employment and was acting solely for his own convenience. In this connection, we must keep in mind that Hughey was at the salt plant in Cleveland on his employer's business and that through no fault and by no choice of his he was required to spend the night at that location. In *Aluminum Company of America v. Workmen's Compensation Appeal Board,*

33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977), where the employee who regularly worked in Pittsburgh was assailed and killed in Miami, we affirmed an award of compensation. Judge CRUMLISH, JR. there neatly summarized the principles supporting our conclusion as follows:

We approach the questions presented by this case with certain fundamental considerations in mind. First, the determination of whether an employee is in the course of his employment at the time of injury is one of law based upon findings of fact. Greene v. Marger, Inc., 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974). Second, when an employee sets out upon the business of his employer and is later fatally injured, there is a presumption that the employee was engaged in the furtherance of his employer's business at the time of his death. Wolfingbarger v. Addressograph-Multigraph Corp., 188 Pa. Superior Ct. 136, 146 A.2d 309 (1958). Third, the course of employment of a traveling worker is necessarily broader than that of an ordinary employee, and is to be liberally construed to effectuate the purposes of the Act. Combs v. Cole Brothers Circus, Inc., 165 Pa. Superior Ct. 346, 67 A.2d 791 (1949). . . .

33 Pa. Commonwealth Ct. at 36, 380 A.2d at 943. In the familiar case of *Maher v. Hallmark Cards, Inc.*, 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966), the employee after finishing work at a store distant from his regular area of employment was killed on the public highway after work and after having dinner and drinks with fellow employees. The Superior Court held that he had not departed from the course of his employment. In *Workmen's Compensation Appeal Board v. Borough of Plum*, 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975), we held that a trucker mur-

dered by a fleeing felon while relieving himself by the side of a road had not so deviated from his employer's business as to compel the conclusion that he was no longer engaged therein. Further instructive case law on the subject supporting our holding may be found at *Westinghouse Electric Corporation v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 610, 400 A.2d 1324 (1979).

We agree with the Workmen's Compensation Appeal Board that Hughey's second excursion for refreshment during his evening at the salt plant was not so inconsistent with the purpose of his trip to Cleveland as to constitute an abandonment of his employment or such a deviation therefrom as should have caused us to conclude that he was no longer in the course of his employment.

Order affirmed.

ORDER

AND Now, this 28th day of June, 1979, the order of the Workmen's Compensation Appeal Board is affirmed and judgment is entered in favor of the claimant, Donald Hughey, and against Filmer and Pauline Schreckengost and their insurance carrier, Insurance Company of North America. Filmer and Pauline Schreckengost and/or Insurance Company of North America is ordered to pay the claimant the sum of $114.00 per week from February 18, 1975, to June 30, 1975, and the sum of $156.58 per week from July 1, 1975 to October 2, 1975. Beginning October 3, 1975, compensation is to be paid for the specific loss of the left eye at the rate of $156.58 per week for a period of 275 weeks at which time compensation benefits are suspended until such time as claimant's disability changes in character or extent subject to the provisions of The Pennsylvania Workmen's Compensation Act. This award shall bear interest on deferred payments at the rate of ten percent per annum.

The defendants are further ordered to reimburse the claimant in the sum of $96.00 and to pay the following medical expenses:

David Mendelsohn, Jr., M.D.     $260.00
Cos—Medic                       $200.00

The defendants are further ordered to pay attorneys' fees in the amount of twenty percent of the above award out of the above award directly to Gerald C. Bish, attorney for claimant, and to pay the balance of the award to the claimant.

Capital Blue Cross is entitled to be subrogated in the amount of $9,802.00 and Pennsylvania Blue Shield is entitled to be subrogated in the amount of $4,885.00 by the defendants.