Capitol International Airways, Inc., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Virginia E. Forrest, Widow of Louis D. Forrest, Respondents.

Argued February 2, 1981, before Judges M<small>ENCER</small>, C<small>RAIG</small> and P<small>ALLADINO</small>, sitting as a panel of three.

*Martin J. Fallon, Jr., Swartz, Campbell & Detweiler,* for petitioner.

*Bruce E. Cooper,* for respondent, Virginia E. Forrest.

O<small>PINION</small> <small>BY</small> J<small>UDGE</small> P<small>ALLADINO</small>, April 21, 1981:

Capitol International Airways, Inc. (Capitol), appeals from an order of the Workmen's Compensation Appeal Board (Board) which deleted a referee's order denying continued payment of death benefits to Respondent, the widow of a former Capitol flight engineer (Engineer). We reverse the Board's order.

During a three-day layover in Spain after an overseas flight, Engineer died as the result of a fall. Engineer's body was found outside a hotel which was not the hotel where Capitol had provided lodging for Engineer. Pursuant to The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P. L. 736, *as amended,* 77 P.S. §1 *et seq.,* Capitol and Respondent entered into a compensation agreement under Section 413[1] of the Act, 77 P.S. §771. Based upon evidence obtained at a hearing, a referee determined that Respondent was not entitled to benefits because Engineer did not die in the course of his employment with Capitol. On appeal, the Board deleted the referee's order and dismissed Capitol's petition because the Board reasoned that the record did not support the referee's factual findings and legal conclusions.

This Court has repeatedly held that "the course of employment of a traveling worker is necessarily broader than that of an ordinary employe. . . ." *Schreckengost v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 587, 591, 403 A.2d 165, 167 (1979) (citation omitted) (quoting *Aluminum Co. of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 36, 380 A.2d 941, 943 (1977)). Moreover, "when an employee sets out upon the business of his employer and is later fatally injured, there is a presumption that the employee was engaged in the furtherance of his employer's business at the time of his death. . . ." *Id.* at 591, 403 A.2d at 167 (citation omitted) (quoting *Aluminum Co. of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 36, 380 A.2d 941, 943 (1977)). To be denied compensation, an employee must have " 'virtually *abandoned* the course of his

---

[1] Now Section 413(a) of the Act, as added by Act of December 5, 1974, P. L. 782.

employment, or . . . at the time of the accident [injury], [be] *engaged in something wholly foreign thereto. . . .'* " *Universal Cyclops Steel Corp. v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 187, 305 A.2d 757, 764 (1973) (emphasis in original) (quoting *Adams v. Colonial Colliery Co.,* 104 Pa. Superior Ct. 187, 190, 158 A. 183, 184 (1932)).

Despite these presumptions favoring traveling employees, the plain meaning and clear language of Section 301(c)(1) of the Act, 77 P.S. §411, cannot be ignored. Under Section 301(c)(1) of the Act, death resulting from an injury is compensable if the injury arises in the course of employment and is related thereto. *Halaski v. Hilton Hotel,* 487 Pa. 313, 409 A.2d 367 (1979). "[I]njury arising in the course of . . . employment . . . shall include . . . injuries sustained while the employe is *actually* engaged in the furtherance of the business or affairs of the employer. . . ." Section 301(c)(1) of the Act (emphasis added).

"The general rule is that off-premises injuries which do not arise while the employee is actually engaged in the furtherance of the employer's business activities are not compensable." *Harris v. Workmen's Compensation Appeal Board,* 51 Pa. Commonwealth Ct. 470, 473, 414 A.2d 765, 767 (1980); *Giebel v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 333, 399 A.2d 152 (1979). To receive benefits, "an employee must be furthering the business of his employer in a manner consistent with his contract of employment and reasonably related thereto at the time of his injury or death." *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 438, 444, 425 A.2d 473, 476 (1981) (594 C.D. 1980; filed February 4, 1981). This Court has never held "that a traveling employee is in the course of his employment 24 hours a day while away from the home office. We can find no authority for

such an overextension of the presumption[s]." *Id.* at 425 A.2d at 476.

In the instant case, the referee found and the Board did not dispute, that (1) Engineer was notified upon his arrival in Spain that he would be on layover status from October 8 to October 11, 1974; (2) under the union contract, Engineer was entitled to a fifteen-hour rest period which commenced on his arrival in Spain at 5:36 p.m.; (3) the fifteen-hour rest period embodied a mandatory nine-hour interval at a place of lodging furnished by Capitol;[2] (4) during the fifteen-hour rest period Engineer was not required to perform any duties as a flight engineer; (5) Engineer's death occurred at 11:30 p.m. on October 8, 1974, as the result of a fall from the window of a hotel which was not the place of lodging provided by Capitol, and (6) Engineer's whereabouts at the time of his death were unknown to Capitol.

However, the Board deleted four additional findings of the referee, which stated that at the time of death, Engineer was not in the course of his employment because neither his activities nor his whereabouts promoted or concerned Capitol's business or Engineer's employment as a flight engineer. Whether

---

[2] In addition, the referee found that Engineer died during the mandatory nine-hour rest period "designated to be spent at the lodging reserved for personnel." (Finding of Fact No. 12) Later, the Board deleted this finding, and we agree that the union contract which was the only evidence offered on this point, does not support the referee's finding. The union contract states that hotel rest shall commence for all practical purposes at the beginning of the fourth hour after arrival, but the contract also provides for alternate arrangements when an engineer is unable to begin hotel rest at the fourth hour. Moreover, the contract does not list any penalties for failure to begin hotel rest at the fourth hour. Therefore, Engineer's absence from the hotel at the fourth hour did not constitute a deviation from Engineer's course of employment according to the evidence before the referee.

a worker "was in the course of his employment when fatally injured is a question of law to be determined on the basis of the facts." *Davis v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 262, 265, 398 A.2d 1105, 1106 (1979) (citation omitted). Since the referee is the ultimate fact-finder in cases where, as here, the Board has not taken additional evidence, the referee's findings must be affirmed if they are supported by substantial evidence in the record. *Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 394, 402 A.2d 561 (1979); *Bethlehem Mines Corp. v. Workmen's Compensation Appeal Board*, 40 Pa. Commonwealth Ct. 611, 398 A.2d 725 (1979).

After a thorough review of the record, we conclude that the referee's contested findings and resultant legal determinations (1) are substantiated by the testimony of the only witness who appeared before the referee and (2) comport with the evidence underlying the referee's undisputed findings. The witness, a Capitol flight engineer, testified that during the fifteen-hour rest period, a Capitol flight engineer was permitted to do as he pleased. This witness also asserted that on October 8, 1974, he and Engineer, dressed in civilian clothing, had a drink at the hotel furnished by Capitol, and then departed from the hotel at approximately 8:00 p.m. to proceed to a restaurant. En route to the restaurant, Engineer allegedly addressed a woman who was window-shopping and then announced that he was going to follow the woman. The witness had no further contact with Engineer. The referee found, and the Board did not dispute, that during Engineer's fifteen-hour rest interval, Engineer "was not required to perform any duties relating to his occupation as flight engineer" and that, accordingly, Capitol was not advised of Engineer's location during the rest period. Therefore, the Board

erroneously deleted the referee's findings that at the time of death, Engineer was not actually engaged in furthering his employer's business and was not in the course of his employment.

Having decided that Engineer's death is not compensable because it did not occur in the course of employment, we will consider very briefly whether Engineer's death was work-related. "As Section 301(c) (1) [of the Act] makes clear, in order to be compensable, [a worker's] injury must also be shown to be related to his employment. In other words, the causal connection between decedent's work and his injury and subsequent death must also be proved." *Workmen's Compensation Appeal Board v. Jeddo Highland Coal Co.*, 19 Pa. Commonwealth Ct. 90, 94, 338 A.2d 744, 747 (1975). In the instant case there is no evidence on the record to establish that Engineer's death was causally connected to the course of his employment. *Westinghouse Electric Corp. v. Workmen's Compensation Appeal Board*, 489 Pa. 485, 414 A.2d 625 (1980).[3] Thus, even if Engineer had died in the course of his employment, his death would not be compensable because it was not work-related.

Accordingly, we will enter the following

ORDER

AND Now, April 21, 1981, the order of the Workmen's Compensation Appeal Board, Docket No. A-76873, dated February 14, 1980, is hereby reversed,

---

[3] In *Westinghouse Electric Corp.* the court held that drug abuse which occurred at a company-owned lodge [in the course of employment] was not work-related. In *Workmen's Compensation Appeal Board v. United States Steel Corp*, 31 Pa. Commonwealth Ct. 329, 376 A.2d 271 (1977), we stated that injuries resulting from epileptic seizures which occurred at a work site [in the course of employment] were not compensable because they were not causally connected to the employment.

558

and the referee's findings of fact numbered 15, 16, 18, and 19 are hereby reinstated along with the referee's order.

Judge WILKINSON, JR. did not participate in the decision in this case.

Judge CRAIG dissents.