Port Authority of Allegheny County, Petitioner *v.* Workmen's Compensation Appeal Board (William F. Stevens), Respondents.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Dennis L. Veraldi,* with him *Jo Ann Haller, Ruffin, Hazlett, Snyder, Brown & Stabile,* for petitioner.

*John W. McTiernan, McArdle, Caroselli, Spagnolli & Beachler,* for respondent, William F. Stevens.

OPINION BY JUDGE ROGERS, November 24, 1982:

The Port Authority of Allegheny County (employer) seeks review of a determination of the Workmen's Compensation Appeal Board, affirming the decision of a referee, that William F. Stevens, one of the employer's bus drivers, is eligible for approximately four weeks of compensation benefits related to a fracture of his left ankle.

The only issue is whether the claimant's disability arose in the course of and was related to his employment within the meaning of Section 301(c) of the Pennsylvania Workmen's Compensation Act.[1] This issue is one of law based on the well-supported factual findings of the referee. These findings reveal, and it is undisputed, that on March 31, 1979, the claimant reported to the employer's Collier division garage in Bridgeport where he punched a time clock and was assigned to drive a Route 41A bus which assignment entailed approximately five circuits between downtown Pittsburgh and the Mount Lebanon suburbs; that his posted schedule required him to be, and in fact he was, relieved by another driver at 1:15 p.m. at the corner of Smithfield and Fifth Street in Pittsburgh in order to permit the claimant to take a lunch break; that while crossing Smithfield on the way to a restaurant

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §411.

the claimant tread in and stumbled on account of a pothole located immediately adjacent to trolley tracks maintained by the employer; that the claimant's ankle caused him increasing discomfort throughout the day and, upon examination after completion of his duties the ankle was shown to have been fractured resulting in the period of temporary total disability for which compensation was granted.

The employer, with citation to many cases establishing that an employee is not, in the usual case, eligible for benefits while on a lunch break away from the employer's premises,[2] contends that the Board erred in its application of the law to these facts.[3]

---

[2] *See e.g. Peccon v. Francis Market*, 207 Pa. Superior Ct. 36, 215 A.2d 261 (1975); *Giebel v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 333, 399 A.2d 152 (1979); *J. R. Hess, Inc. v. Workmen's Compensation Appeal Board*, 17 Pa. Commonwealth Ct. 87, 329 A.2d 923 (1975).

[3] Several additional circumstances were the subject of proof at the hearing. The employer adduced evidence that a facility was maintained by it in downtown Pittsburgh where bus drivers could eat lunches brought from home. It was not argued that drivers were required or encouraged to use this facility or were discouraged from instead purchasing lunch at a restaurant. The claimant asserted that he was unaware of the facility's existence on the day in question and that it was not his practice to bring a lunch from home. Moreover, although the evidence, including a map of the employer peppered with added symbols, is far from clear on this point, it would appear that the claimant would have been required to cross Smithfield Street in order to use the facility. We are persuaded by this fact that the availability of a lunchroom provided by the employer is not dispositive.

In addition, the claimant adduced evidence tending to prove and the referee found, that the employer was required by written agreement with the city to maintain that portion of Smithfield Street on which the claimant stumbled. Our resolution of the other issues in the case makes it unnecessary to decide whether the referee and the Appeal Board correctly determined, as an alternative basis of their decisions, that the claimant's injuries were sustained on his employer's premises.

The Board, however, and the claimant on the occasion of this appeal, have placed this case in the company of those illustrative of the rule that the course of employment of workers who perform their duties off the premises of the employer is necessarily broader than that of employees engaged on the employer's premises. *Krapf v. Arthur,* 297 Pa. 304, 146 A. 894 (1929); *Combs v. Cole Brothers' Circus,* 165 Pa. Superior Ct. 346, 67 A.2d 791 (1949); *Capital International Airways, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981). The Appeal Board determined that as to off-the-premises employees, and especially employees whose duties involve travel, the course of employment includes necessary and authorized breaks for lunch and injuries sustained during such breaks are compensable.

The general rule is that a travelling employee while so engaged is within the course of his employment unless what he was doing at the time of the accident is so foreign to and removed from his usual employment as to constitute an abandonment thereof. *Maher v. Hallmark Cards, Inc.,* 207 Pa. Superior Ct. 472, 218 A.2d 593 (1966); *Spry v. Polt,* 186 Pa. Superior Ct. 326, 142 A.2d 484 (1958); *Combs v. Cole Brothers' Circus.* For example, the leading case of *Maher v. Hallmark Cards, Inc.,* involved a travelling employee who, on finishing work at a store distant from his regular area of coverage in North Philadelphia and after then having dinner and drinks with fellow employees, was killed on the public highway. The

---

Finally, the claimant testified that it was his practice to perform certain record keeping functions required by the employer during the lunch break. The effect of this circumstance, in our view, is to lend additional support to the conclusion that the lunch break was, for this employee, a minor deviation consistent with his contract of employment and not inimical to or an abandonment of his duties.

Superior Court summarized the law applicable to off-the-premises travelling employees as follows:

> In our consideration of this appeal it is important to bear in mind that decedent's employment was primarily off-premises....
>
> Whether the decedent was in the course of his employment when fatally injured is a question of law. . . . The phrase "course of employment" is to receive a liberal construction and the evidence must be viewed in the light most favorable to the claimant who has the Board's decision. . . . An employee need not necessarily be engaged in the actual performance of work at the moment of injury. . . . It is enough if he is occupying himself consistently with his contract of employment in a manner reasonably incidental thereto. (Citations omitted.)

207 Pa. Superior Ct. at 475-476, 218 A.2d at 594-595. *See also Aluminum Company of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977) (death benefits granted to widow of travelling employee found inexplicably murdered outside of his hotel room).

Closer to the instant case on the facts is *Workmen's Compensation Appeal Board v. Plum Borough,* 20 Pa. Commonwealth Ct. 35, 340 A.2d 637 (1975), relied on by the Appeal Board, where a truck driver was shot to death by a fleeing felon at a time when the driver had stopped his truck along the roadside for the purpose either of relieving himself or of eating lunch. We there affirmed the Appeal Board's grant of benefits on the authority of cases establishing that temporary departures from the work routine for the purpose of administering to the comforts of an off-the-premises employee, including authorized breaks for lunch, will not interrupt the continuity of the employee's "course of employment." A factual situation

similar to that of *Plum Borough* was that in *Schreckengost v. Workmen's Compensation Appeal Board*, 43 Pa. Commonwealth Ct. 587, 403 A.2d 165 (1979), where an award of benefits to a truck driver who was assaulted during a trip away from his parked truck was affirmed.

After careful consideration, we agree with the Board that Mr. Stevens' employment situation is more like that of the itinerant workers in *Maher, Borough of Plum* and *Schreckengost* than that of stationary employees who take their lunch off the employer's premises.

Order affirmed; an appropriate judgment order will be entered.

#### ORDER

AND Now, this 24th day of November, 1982, the order of the Workmen's Compensation Appeal Board is affirmed and judgment is entered in favor of the claimant, William F. Stevens, and against the defendant, Port Authority of Allegheny County, in the amount of $227.00 a week from April 1, 1979 to May 3, 1979 together with interest in accordance with the provisions of The Pennsylvania Workmen's Compensation Act.

Attorney's fees in the amount of 20 percent of the weekly compensation are awarded to the claimant's counsel which, together with $5.00 representing the reasonable costs of prosecution are to be remitted to William R. Caroselli, Esquire, 1100 Law and Finance Building, Pittsburgh, PA 15219.

In addition the defendant is ordered to reimburse the claimant for one day's wages and to pay the following medical expenses:

| | |
|---|---|
| St. Clair Hospital | $66.25 |
| Dr. Temeles | 55.00 |
| Emergency Room Physician | 20.00 |