529 A.2d 1161

Robert Lang, Deceased, Mary Lang, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (United States Steel Corporation), Respondents.

Argued May 22, 1987, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Amiel B. Caramanna, Jr.,* with him, *Alexander J. Pentecost,* for petitioner.

*LuAnn Haley,* with her, *Martha R. Conley* and *Louis A. Raimond,* for respondents.

OPINION BY SENIOR JUDGE NARICK, August 12, 1987:

The sole question presented by this appeal is whether decedent, Robert Lang, was acting within the scope of his employment when the automobile accident at issue occurred, so as to entitle his widow, Mary Lang (Petitioner), to fatal claim benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603. The

referee awarded benefits, but the Workmen's Compensation Appeal Board (Board) reversed. For the reasons which follow, we reverse the order of the Board and reinstate the award.

Decedent was employed as a metallurgist by United States Steel (now USX) Corporation (Employer). He was a management employee, and had an office in Employer's Homestead Works. His regular working hours were, at a minimum, 8:00 a.m. to 5:00 p.m. In his capacity as a division process engineer, decedent had the authority to be at either Employer's Homestead or Edgar Thompson Works, or in transit between the two. His work occasionally involved travel to Employer's research center in Monroeville, or downtown offices. On June 1, 1982, at approximately 9:40 a.m., decedent was involved in a fatal automobile accident when his vehicle left the public roadway and struck a concrete abutment and the cyclone fence at the Edgar Thompson Works. He had been traveling on Mill Road adjacent to the Edgar Thompson plant, but was headed away from both that plant and the Homestead Works. Petitioner testified that her husband had left for work on June 1, 1982 at 7:15 or 7:30 a.m. Although he had scheduled a meeting in Homestead at 9:00 or 9:30 that morning, no one apparently saw decedent again until he was discovered at the scene of the accident.

The parties stipulated that the nature of decedent's job required him to travel between the two plants, that the accident occurred on a public road, and that decedent died as a result of the blunt force trauma to the head, neck and chest caused by the automobile accident.

The referee determined that decedent was acting within the scope of his employment when the accident occurred. Our scope of review is limited to a determination of whether constitutional rights have been violat-

ed, an error of law committed, or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). From our review of the record, it is apparent that the factual findings, as briefly summarized above, are based upon substantial evidence. Accordingly, we will not disturb them.

The question of whether one is acting within the scope of his employment is one of law, which is based upon the findings of fact. *Greene v. Marger, Inc.,* 12 Pa. Commonwealth Ct. 423, 317 A.2d 358 (1974). Thus, the second step in our inquiry requires us to determine whether the referee's findings of fact support the legal conclusion that decedent was acting in the scope of his employment.

The dearth of evidence makes this an extremely close case. The referee concluded that

[e]ven though the decedent's car at the time of the accident was headed in the direction away from Homestead Plant and the gates at the Edgar Thompson Plant that were open, Your Referee finds the decedent was in transit either to or from the Edgar Thompson plant, and was thus furthering the interest of his employer and in the scope of his employment.

We cannot say that this is an unreasonable inference,[1] when it is considered in light of the following facts (which we have determined to be based upon substantial evidence): Decedent had left his home at approxi-

---

[1] *See e.g., Township of Salem v. Workmen's Compensation Appeal Board,* 62 Pa. Commonwealth Ct. 626, 629, 437 A.2d 496, 498 (1981), another close case, wherein this Court determined that it was within the province of the compensation authorities to draw permissible inferences "fairly deducible from proved facts."

mately 7:30 a.m. The accident occurred within decedent's normal working hours of 8:00 a.m. to 5:00 p.m. Decedent was authorized to travel between the two plants at any time. While the accident occurred on a public road, decedent was only 350 feet from a gate at the Edgar Thompson plant.

Section 301(c)(1) of the Act, 77 P.S. §411(1) provides, in pertinent part: "The term 'injury arising in the course of . . . employment,' as used in this article, . . . shall include all . . . injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer, whether upon the employer's premises or *elsewhere. . . .*" (Emphasis added.) We have held that the scope of employment for a traveling employee is necessarily broader than that of an ordinary employee. *Shreckengost v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 587, 403 A.2d 165 (1979).[2] In addition, when an employee starts out on the business of his employer and is later fatally injured, a presumption arises that the employee was engaged in the furtherance of employer's business at the time of his death. *Aluminum Co. of America v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 33, 380 A.2d 941 (1977). Provided that there is no evidence of the employee having abandoned the employer's business, minor deviations which are "inconsequential or innocent departures from the course of employment will not bar compensation." *Workmen's*

---

[2] For a discussion of the general rules regarding employees who perform their duties off the premises of employer, *see Port Authority of Allegheny County v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 163, 452 A.2d 902 (1982).

While we recognize that this case does not involve a true itinerant worker, we believe that the fact that decedent was required to travel between the two plants necessarily broadens the scope of employment to include that travel.

*Compensation Appeal Board v. Borough of Plum,* 20 Pa. Commonwealth Ct. 35, 40, 340 A.2d 637, 640 (1975). (Citation omitted.)

In the case before us, we are faced with an employee, required to travel between plants on a regular basis, who met his untimely death some 350 yards from his Employer's premises. Indeed, his vehicle came to rest against the fence surrounding Employer's plant. He was headed away from both of the plants where he normally worked (although the referee found that he would occasionally also travel to Monroeville or downtown Pittsburgh offices). Neither party was able to discover the reason for decedent's direction of travel. The referee inferred from the evidence that decedent was acting within the scope of his employment and Employer did not introduce evidence that would lead to a conclusion that his unexplained deviation from his expected route of travel constituted an abandonment of its interests. In considering these facts, we are mindful of our Supreme Court's pronouncement that the Act, "being remedial in nature and intended to benefit the Pennsylvania worker, . . . must be liberally construed to effectuate its humanitarian objectives." *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 120, 439 A.2d 627, 630 (1981) (Citations omitted.) We conclude that the referee did not err as a matter of law in finding that decedent was within the scope of the employment when he was killed on June 1, 1982.

Consistent with the foregoing, we reverse the Order of the Workmen's Compensation Appeal Board and reinstate the referee's award.

## ORDER

AND NOW, this 12th day of August, 1987, the order of the Workmen's Compensation Appeal Board, dated May 30, 1986, is reversed, and the referee's award of fatal claim benefits to Petitioner is reinstated.