532 A.2d 1257

Roadway Express, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Seeley), Respondents.

Argued September 14, 1987, before Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Michael I. Levin; Cleckner and Fearen,* for petitioner.

*Terry S. Hyman, Angino & Rovner, P.C.,* for respondent, Theodore R. Seeley, deceased, Agneta Seeley, widow.

OPINION BY SENIOR JUDGE BARBIERI, November 2, 1987:

Roadway Express, Inc., Employer, (Roadway), appeals here an order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's award of benefits to Agneta Seeley, widow of Roadway's deceased employee, Theodore R. Seeley.

The controlling facts, relatively uncontested, are that Theodore R. Seeley (Decedent) was employed as an over-the-road truck driver for Roadway on December 11, 1981 when he was dispatched by Roadway from his home terminal in Toledo, Ohio, to deliver certain freight to Roadway's terminal in Harrisburg, Pennsylvania, where he arrived on that day at 5:36 p.m. During the mandatory layover of 8 hours between trips, with no subsequent trip yet fixed, Decedent checked into the Holiday Inn where Roadway paid for its drivers' accommodations and from this hotel Roadway also provided

certain transportation to and from its terminal. Also, Roadway had a direct line to this hotel, so that drivers on layoff could be reached there on call for assignment to drive in two hours. The direct line arrangement by Employer with Holiday Inn was that the Inn provide a direct call to the room of each driver and, if a driver were not in his room, the hotel would be responsible to find the driver for Roadway.

Later in the evening, decedent walked from the Holiday Inn to a bar-restaurant, "Your Place," frequented by Roadway drivers and Roadway supervisory dispatchers, where he did some eating and drinking. Shortly after midnight on December 12, 1981, Decedent was struck by an automobile while crossing Carlisle Pike, or Route 11, at a point between "Your Place" and the Holiday Inn, suffering injuries which resulted in his death on December 18, 1981, leaving a wife, Claimant, and four dependent children. Among the referee's many findings is a finding that Decedent was presumed to be intoxicated. Finding No. 12. The referee also found as to the point where Decedent suffered his injuries:

8.  There are no designated crosswalks at any intersection or any other place on Route 11 between the Holiday Inn, located on the west side of Route 11, and Your Place Restaurant located approximately one mile South of the Holiday Inn on the East side of 11.

There appears to be no evidence presented indicating that Decedent's intoxication was related in any way to his accident.

The referee made the following observations:
The defendant tried to show the deceased took himself out of employment. There was no probition [sic] from drinking during the layover. While it is presumed the deceased would have

had an early morning trip which presumably he would have been unable to perform, we do not. know that he would have performed it or would not have asked for a delay. It is speculation to assume that the deceased would have reported to work intoxicated and unable to drive. We do not know for sure when he was to report to work.

The deceased was in Harrisburg because of his work duties. Being available at the Holiday Inn furthers his employer's interest. While I do not. think that drinking furthered his employer's interest, I do feel that the injury arose due to his employment.

The intoxication of the employee and the resultant injury have, to me, no demonstrated relationship. We have no reason to suppose it was the intoxication that caused the injury. All we know is that the employee was injured. And I do not feel his intoxication would take him out of his employment.

The referee then discussed case law authorities such as *Schreckengost v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 587, 403 A.2d 165 (1979), *Maher v. Hallmark Cards, Inc.*, 207 Pa. Superior Ct. 472, 218 A.2d 593 (1956); and cases offered by Defendant: *Capitol International Airways v. Workmen's Compensation Appeal Board,* 58 Pa. Commonwealth Ct. 551, 428 A.2d 295 (1981), and *Bethlehem Steel Corp. v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 438, 425 A.2d 473 (1981).

He concluded:

It appears to me the case here is closer to the factual situation in Schreckengost than Capital [sic] International. In Bethlehem Steel case the employee had arrangements chiefly for his own

convenience. Here the arrangements are mainly for the convenience of the employer.

Intoxication was proven by the employer. In cases where drivers have been killed and found to be intoxicated, I have denied compensation. The violation of law had a direct relationship to the injury. Driving while intoxicated was the very conduct prohibited by statute.

Here we have no evidence of how the deceased was killed. While the defendant wants me to find that the intoxication caused the injury, it is also possible that the pedestrian status of the employe was the cause. Of course, he was a pedestrian due to his employment.

The employee was struck. It does appear that the injury was related to the employment. He had not abandoned his employment by his conduct.

The referee made the following Conclusions of Law:

3. The defendant attempted to show that the employee was not in the course of his employment. The defendant did not meet that burden.

4. When an employee is on a trip the burden is on the defendant to show that the employee abandoned his employment or did something to take him out of his employment.

5. When a [sic] employee is provided a place to stay where employees may be contacted for a return trip, this is for the employer's convenience and benefit.

6. An employee, who goes to eat while on an eight hour break, is injured on returning must show that the injury arose from or is related to his employment. In this case the claimant did meet that burden.

7. The fact that the claimant was intoxicated did not consitiute [sic] abandonment of employment.

\* \* \* \*

9. The intoxication of the claimant was not shown to be a causative factor in the injury.

R.R. p. 244a.

On appeal, the Board stated:

We further note that case law has established the principle that the course of employment of a travelling worker is necessarily broader than that of an ordinary employee, and should be liberally construed to achieve the purposes of the Act. Consequently we sharply distinguish the instant case from Bethlehem Steel Corporation vs. W.C.A.B., 425 A.2d 473 (1981), cited by Defendant in support of its Appeal. In Bethlehem the decedent's employment was localized in Michigan during the work week and the Court concluded that he was not really a traveling or roving type employee while he was there.

. . . .

The Referee believed that the circumstances of this case were most analogous to the circumstances of Schreckengost vs. W.C.A.B., 403 A.2d 165 (1979) wherein the Court affirmed an award of benefits. We are even more persuaded by the holding in Oakes vs. W.C.A.B., 469 A.2d 723 (1984) where a 'roving' employee, several hours after his work assignment and after considerable drinking, was killed in an auto accident while returning home. Although his blood alcohol was .285, the employer could not prove any causal relationship between the intoxication and the accident. The Court found no abandonment of employment and compensation was awarded. In the

instant case also the defendant did not prove a causal relationship between the intoxication and the accident and the Referee found there was no abandonment of employment. Further, in the instant case the decedent was a pedestrian and therefore there was no assertion of violation of the law.

R.R. pp. 249a-250a.

Issues raised here by Petitioner allege error (1) in finding Decedent's injury and death to be in the course of his employment for compensation purposes, (2) in finding proof to satisfy required notice, and (3) in awarding to Claimant-Widow the cost of medical expenses incurred by Decedent during his lifetime after the injury. We will discuss these contentions in the order stated.

We agree with the referee and Board as to the authorities that are controlling in this case, principally, *Schreckengost* and *Oakes*. There seems little that we can add to what we have said in those and other cases involving "roving employees." Relevant distinctions, in our view, render inapposite here our decision in *Bethlehem Steel Corporation v. Workmen's Compensation Appeal Board*, noted by the Board and relied upon by Roadway, but distinguished by us in *Oakes*. It is important to recognize as controlling, we think, that a "roving employee" case is one in which there is, like the instant case, no fixed work place, such as with an over-the-road truck driver. In such case, a layover period required by the employer is not a breach in the employment relationship, which is also not breached by recreational activities during the wait for resumption of actual duties.

In *Port Authority of Allegheny Cty. v. Workmen's Compensation Appeal Board*, 70 Pa. Commonwealth Ct. 163, 452 A.2d 902 (1982), where a bus driver was

injured in walking to a restaurant on his lunch break, the grant of benefits was approved, this Court stating:

> The general rule is that a travelling employee while so engaged is within the course of his employment unless what he was doing at the time of the accident is *so foreign to* and *removed from* his usual employment as to constitute an abandonment thereof. (Emphasis added.)

452 A.2d at 903-904.

> [E]mployees whose duties involve travel, *the course of employment includes necessary and authorized breaks* . . . and *injuries sustained during such breaks are compensable.* (Emphasis added.)

452 A.2d at 903.

Bearing in mind that the findings in this case are favorable to the Claimant, which distinguishes some of the cases relied upon by Petitioner, we also find inapposite the many cases in Petitioner's brief that have to do with requirements for maintaining the employment status by non-traveling employes when off of their work premises. Cases in this broad field are inapplicable here, as "roving employees" basically have no work premises. The employe here actually did his paper work in his home and hotels. Further, we find appropriate and pertinent a comment in Respondent's brief as follows:

> Thus, in Schreckengost, Your Honor found that a truck driver was *in the course of his employment* even though his only 'job duty' was to wait for his load in the morning. It is *the waiting* which is for the employer's convenience. It is *being available to haul the employer's goods* that is the activity which 'furthers' the employer's business. The fact that Mr. Schreckengost went out to

have a few beers while *waiting* does not change the outcome. (Emphasis in brief.)

Brief for Respondent, p. 20

Considering Petitioner's second contention as to notice, we must agree with the referee's statement as follows:

> The defendant asserted that the notice provision in the Act was not met. I cannot find any basis for this. The defendant knew or should have known of the injury shortly after it occurred. They were informed that very day by the police department.

R.R. p. 242a It seems there is no question and *it is virtually admitted by Roadway that notice is not required when the claim is for death benefits*. *Duquesne Light Co. v. Gurick*, 46 Pa. Commonwealth Ct. 150, 405 A.2d 1558 (1979). Nevertheless, in this case there was an immediate report and prompt investigation was undertaken, albeit resulting in the turndown of the claim.[1] It must be remembered that Section 311 of the Act[2] was amended so that specific notice is no longer required, but mere knowledge of the injury event is sufficient. *Katz v. Evening Bulletin*, 485 Pa. 536, 541, 403 A.2d 518, 520 (1979).

---

[1] Stipulations of Facts, executed by counsel contains the following:

14. Roadway Express' Harrisburg terminal was informed of the aforesaid accident on December 12, 1981 by the Hampton Township Police Department.

15. Roadway Express filled out an injury report attached as Exhibit 'B', regarding Theodore Seeley's accident. The injury report was distributed to Roadway Express' Worker's Compensation Section.

16. At Roadway Express' direction, Towensmeier Adjustment Service, investigated Mr. Seeley's accident, starting on December 23, 1981.

[2] The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §631.

Finally, as to the question of Claimant's entitlement to reimbursement for medical expenses incurred during Decedent's lifetime after the injury, we believe that the action on this issue by the referee and Board must be affirmed on the basis of our decision in *Frederico Granero Company v. Workmen's Compensation Appeal Board*, 48 Pa. Commonwealth Ct. 252, 409 A.2d 1187 (1980). We note, also, that the medical reimbursement to the dependent widow, as granted here by the workmen's compensation authorities, is based upon that portion of Section 410 of the Act, 77 P.S. §751 which provides as follows:

> If after any injury the employer or his insurer and the employe or his dependent, concerned in any injury, shall fail to agree upon the facts thereof or the compensation due under this act, the employe or *his dependents* may present a claim petition for compensation to the department. (Emphasis added.)

As we stated in *Frederico:*

> We are particularly mindful of the compelling circumstances surrounding Mrs. Granero's claim. Mr. Granero died some two weeks after sustaining his injuries. Furthermore, he remained hospitalized and in critical condition for that period of time. We fail to see how Mrs. Granero could have been required or expected to file a claim petition in her husband's behalf during that critical period.

48 Pa. Commonwealth Ct. at 256, 409 A.2d at 1188.

For the reasons stated in the foregoing opinion, we will affirm.

### ORDER

NOW, November 2, 1987, the order of the Workmen's Compensation Appeal Board, as of No. A-90266, dated October 3, 1986, is hereby affirmed.