594 A.2d 824

Tony L. ASHE, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (AMERICAN STEEL & ALUMINUM CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 3, 1991.

Decided June 28, 1991.

Robert A. Berry, for petitioner.

Daniel K. Deardorff, for respondent.

Before McGINLEY and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This matter comes to us on appeal from a decision of the Workmen's Compensation Appeal Board (Board) terminating the disability benefits of Claimant Tony L. Ashe. The Board terminated benefits because it found that Ashe had

refused reasonable treatment [1] and had also refused suitable available employment.[2] We reverse and remand.

On April 1, 1987, Claimant suffered a work-related back injury while in the employ of American Steel & Aluminum Corp. Claimant sought treatment from Dr. Ostdahl, a physician specializing in neurological surgery. Dr. Ostdahl diagnosed Claimant's injury as a ruptured disc in the lumbar spine. He gave the Claimant two treatment options, surgical decompression to relieve the pressure on the nerve, or physical therapy. Claimant chose physical therapy. After a program of physical therapy, pain counselling, exercising and TNS unit, Claimant experienced some improvement, but continued to have pain.

Dr. Ostdahl recommended surgical decompression to resolve Claimant's condition and stated that the procedure had a seventy percent success rate. He further testified that the procedure had a significant risk to the patient of less than five percent. Dr. Ostdahl recommended surgery to Claimant on a number of occasions, but Claimant opted for physical therapy rather than undergo the surgical procedure. The referee accepted this testimony.

Employer also presented Claimant with several jobs which were within his physical limitations, and alleges that Claimant refused them. The jobs were approved for Claimant by Dr. Ostdahl. The referee found that the Claimant applied in good faith for all of the jobs, but was not offered any of them.

Claimant received workmen's compensation benefits pursuant to a Notice of Compensation Payable dated April 22, 1987. The employer filed a Termination Petition averring that Claimant refused reasonable medical treatment, and subsequently filed a Modification Petition alleging that Claimant refused suitable employment. The referee denied both petitions, and Employer appealed. The Board reversed

1. Section 306(f) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531.

2. *Citing Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987).

the referee on both the refusal to submit to reasonable treatment and the refusal to accept available employment. Claimant appeals.

 The issues raised in this appeal are whether the Board erred in concluding that the Claimant refused reasonable medical treatment and that the Claimant refused available employment. We find that the Board did err in regard to both issues, but we find it necessary to remand to the referee for clarification of whether the claimant actually refused the offered treatment.[3]

 It is well settled that a claimant who refuses reasonable medical treatment forfeits his right to disability benefits. *Joyce Western Corporation v. Workmen's Compensation Appeal Board (Fichtorn)*, 518 Pa. 191, 542 A.2d 990 (1988). The focus in such cases is on the reasonableness of the treatment offered and is not on the reasonableness of the claimant's refusal. *Muse v. Workmen's Compensation Appeal Board (Western Electric Co.)*, 514 Pa. 1, 522 A.2d 533 (1987). In this case the referee found that the offered treatment was reasonable, but that it was reasonable for the Claimant to choose the physical therapy option over surgery. The Board reversed because it believed that the referee erroneously focussed on the Claimant's refusal rather than the reasonableness of the surgery.

We believe that this case is a little different than the usual case of this sort because it is unclear whether the Claimant actually refused the surgery. On the one hand, the referee found that the Claimant never told the doctor that he would not undergo surgery, but rather chose between two options given him by Dr. Odstahl. On the other hand, the referee states that the doctor believed that surgery was in the Claimant's best interest and that "it was

---

3. Our scope of review in a workmen's compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990).

reasonable for the claimant to refuse" the surgery. The referee also offered an editorial that he was "surprised" that the Claimant would not have the surgery. Moreover, the Claimant himself testified that he only received the therapy for six months because the insurer would not pay for additional treatment. Consequently, it appears that even if this were an option at one point, at some point in time it was no longer available to Claimant. Reviewing this record we are unable to determine whether the referee believed the Claimant actually refused the surgery.

 The issue of what constitutes reasonable treatment is a factual inquiry which will vary from case to case. If the evidence shows that the proposed treatment offers a high degree of success and only minimal risk to the patient, the treatment will be deemed reasonable and may not be refused without loss of benefits. *Joyce Western.*

In this case the referee found that the proposed surgery had a success rate of seventy percent and only a five percent risk to the patient. He also stated his belief that the Claimant was reasonable in refusing the surgery and opting to pursue conservative treatment instead. If the referee meant by this that the Claimant had indeed refused the surgery but that that refusal was reasonable, he erroneously applied the *Muse* standard. As we held in *Muse,* the question of the reasonableness of the refusal is not the test. The Board properly reversed the referee on this issue, but should have remanded to the referee for a clarification. For this reason, we reverse the order of the Board and remand to the referee.

 On the question of refusing available employment, the Board erroneously reversed the decision of the referee. The referee found that the Claimant made a good faith effort to secure employment, but that none of the positions were offered to him. The Board cited the testimony of Jamie Wentz, a personnel manager from one of the job referrals, as support for its belief that Claimant did not make a good faith effort to secure employment. The Board

ignores the very well established rule that the referee is the fact-finder and is at liberty to accept or reject the testimony of any witness. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Skirpan)*, 132 Pa.Commonwealth Ct. 277, 572 A.2d 838 (1990).

The Claimant testified that he followed up on the job leads, but that he was not offered any work. His testimony evidently was believed by the referee. It is not within the Board's power to alter the referee's finding, and we therefore reverse.

Accordingly, the order of the Board is reversed and vacated and the matter is remanded to the referee for clarification of whether the Claimant did in fact refuse surgery.

### ORDER

AND NOW, this 28th day of June, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and vacated and the matter is remanded to the referee for additional findings in accordance with the foregoing opinion.

Jurisdiction relinquished.