625 A.2d 176

C. Janet SENFT, Widow, Ralph V. Senft, Deceased, Petitioner,

v.

WORKMEN'S COMPENSATION APPEAL BOARD (C.B. IVES AND COMPANY, INC., The Hartford Insurance Group), Respondents.

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1992.

Decided May 4, 1993.

Glenn C. Vaughn, for petitioner.

R. Burke McLemore, Jr., for respondents.

Before SMITH and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Janet C. Senft (claimant), widow of Ralph V. Senft (Ralph Senft), petitions for review of an order of the Workmen's Compensation Appeal Board (Board) that reversed the decision and order of the referee which had awarded attorney's fees for unreasonable contest pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act), 77 P.S. § 996.

Ralph Senft was employed with C.B. Ives and Company, Inc. (Ives) when he died, within the course of his employment, on December 16, 1988. Claimant filed a fatal claim petition but, prior to a hearing on the merits of the petition, Ives and claimant entered into an agreement for compensation for fatal

ʊ

claim benefits.[1]  Subsequent thereto, a hearing was held before the referee on claimant's claim for counsel fees for unreasonable contest.  The referee made an award of counsel fees to claimant equal to 20% of the compensation payable in excess of $17,500 [2] to be paid by Ives.

On appeal by Ives, the Board reversed.  The Board predicated its decision solely upon its determination that once a voluntary agreement to pay compensation is agreed upon the issue of unreasonable contest cannot be raised.  The Board concluded that by virtue of the agreement for compensation for fatal claim benefits, executed prior to the motion for attorney's fees, claimant is barred from seeking fees for an unreasonable contest.  Claimant filed this petition for review.[3]

The Board noted that the issue of the reasonableness of the contest is not addressed by its decision although it concurred with the referee that given the circumstances of the case,[4] Ives's contest was in fact unreasonable.  We agree.  The issue

1.  The agreement for compensation for fatal death benefits was filed on July 27, 1989, seven months after the date of death; fatal claim benefits were awarded at the rate of $377 per week and $1500 for burial expenses.

2.  Claimant had entered into a contingent fee agreement with an attorney on March 28, 1989 whereby she agreed to pay 20% of any amount recovered in excess of $17,500.

3.  Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence.  *Ashe v. Workmen's Compensation Appeal Board (American Steel & Aluminum Corporation)*, 140 Pa. Commonwealth Ct. 615, 594 A.2d 824 (1991).

4.  The pertinent facts regarding the reasonableness of the contest are summarized as follows.  By letter dated December 31, 1988, claimant notified Ives of her husband's death and requested benefits.  No notice of workmen's compensation denial was ever filed by Ives as required by Section 406.1 of the Act, 77 P.S. § 717.1.  Claimant contacted an attorney who advised that a claim should be filed in Pennsylvania pursuant to Section 101 of the Act.  Ives informed claimant that her claim had to be filed in Maryland because it was the place where the contract for hire was made and as a result she was only entitled to a lump sum payment of $17,500 under Maryland law.  Claimant thereafter retained an attorney and filed a fatal claim petition.  A hearing on the claim petition was scheduled but was never held as claimant and Ives reached a compensation agreement seven months after Ives had notice of claimant's husband's death.

of unreasonable contest is not before us. The only issue presented to us is whether, where a claimant and an employer enter into a voluntary agreement to pay compensation after the filing of a claim petition but before a determination by the referee, the compensation authorities may award attorney's fees to be paid by the employer for an unreasonable contest.

■ Section 440 of the Act specifically provides, in pertinent part, that in any contested case, a prevailing claimant shall be awarded a reasonable sum for costs incurred for attorney's fees unless the record supports a conclusion that the employer had a reasonable basis for contesting liability, 77 P.S. § 996. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corporation)*, 90 Pa. Commonwealth Ct. 246, 494 A.2d 877 (1985). There is no language in Section 440 or any other section of the Act which specifically requires that there must be an award of compensability by the referee in order for there to be an award for unreasonable contest. While it is true that Section 440 requires that the matter at issue to be "finally determined", a final determination may be by agreement as well as by an award. *See Pieretti v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 135 Pa. Commonwealth Ct. 309, 581 A.2d 990 (1990) (terms "finally determined" and "resolved" are essentially synonymous, both meaning either to decide or to end a controversy).

■ The Board attributes significant import to the fact that the agreement for compensation for fatal claim benefits was executed prior to claimant's motion for attorney's fees; however, the Board sets forth no authority for its determination that, as a result of the aforementioned sequence of events, claimant is barred from seeking fees for an unreasonable contest. The time of presenting a motion for attorney's fees is irrelevant in determining if counsel fees should be awarded for an unreasonable contest. To hold otherwise would allow the employer to avoid the imposition of attorney's fees for unreasonable contest by entering into an agreement at a time

picked by it prior to a referee's determination on the merits of the claim. Such a result is contrary to the purpose of Section 440, which is to deter unreasonable contests by employers and to encourage competent legal representation of claimants. *Pieretti*, 135 Pa. Commonwealth Ct. 309, 581 A.2d 990 (1990). This is particularly true because in the normal course of events, when counsel is initially retained, whether or not a reasonable contest will follow, cannot be determined with certainty. If the legislature had intended differently, it could have imposed the condition imposed by the Board, i.e. a determination by the referee on the merits, as a prerequisite for awarding attorney's fees; the legislature chose not to do so and the Board may not do so. Accordingly, we hold that the Board erred by determining that a voluntary agreement to pay compensation bars a claimant from seeking an award of attorney's fees for unreasonable contest.

Having determined that a voluntary agreement does not bar an award of attorney's fees and that the unreasonableness of the contest is not in dispute, the only question remaining is whether the referee erred in the amount of the attorney's fees awarded. The question of what constitutes a "reasonable sum" is ultimately a question of law. *Workmen's Compensation Appeal Board v. Leuschen*, 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975). In this case there is no finding by the referee of "reasonableness" regarding the amount of attorney's fees to be paid by Ives.

In *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa. Commonwealth Ct. 51, 592 A.2d 358 (1991), this Court held that the 20% per se reasonable rule of Section 442 of the Act[5] is inapplicable

---

5. Section 442 of the Act provides that all counsel fees, agreed upon by a claimant and an attorney, shall be approved by the referee or the Board as the case may be, providing that counsel fees do not exceed 20% of the amount awarded, 77 P.S. § 998. However, the official conducting any hearing may, upon cause shown, allow a reasonable attorney fee exceeding 20% of the amount awarded at the discretion of the hearing official. *Id.*

under Section 440 of the Act. Thus, depending on the circumstances, a Section 440 award may be greater or less than the amount the claimant would have to pay if a reasonable contest had been presented. *Id., citing Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 84 Pa. Commonwealth Ct. 275, 279, 479 A.2d 661, 662 (1984). Because there is no factual record developed by the referee in this regard, the decision of the Board will be vacated and this case remanded to the Board with directions to remand to the referee to make an award of reasonable counsel fees to be paid by Ives based on a factual record giving consideration to the fee agreement between the attorney and claimant, the amount and degree of difficulty of the work performed, the amount of skill, responsibility and time involved, and such other factors discussed in our cases. *See Eugenie,* 140 Pa. Commonwealth Ct. at 58–59, 592 A.2d at 362.

## ORDER

AND NOW, this 4th day of May, 1993, the order of the Workmen's Compensation Appeal Board is vacated and this case is remanded with directions to remand to the referee with directions to conduct a hearing and make an award for attorney's fees to be paid by the employer consistent with this opinion.

Jurisdiction relinquished.