**Jill CARR, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MAY DEPARTMENT STORE, d/b/a Kaufmann's), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 6, 1995.
Decided Dec. 18, 1995.
Publication Ordered Feb. 21, 1996.

Peter J. Pietrandrea, for Petitioner.

C. Robert Keenan, III, for Respondent.

Before SMITH and FRIEDMAN, JJ., and NARICK, Senior Judge.

SMITH, Judge.

Petitioner Jill Carr seeks review of an order of the Workers' Compensation Appeal Board (Board) affirming the denial of Petitioner's claim petition. Petitioner claims that the Board erred, as a matter of law, in concluding that Petitioner was not acting within the scope of her employment when she sustained injuries in a one-vehicle automobile accident on May 24, 1991 while driving back to the hotel in Billerica, Massachusetts where she was staying for the duration of a job-related seminar. The Board affirmed the Workers' Compensation Judge's (WCJ) decision and Petitioner appealed.[1]

On July 24, 1992, Petitioner filed a claim petition as a result of injuries sustained in the automobile accident. Employer, May Department Store, d/b/a Kaufmann's, filed a timely answer denying liability and alleging that Petitioner was not in the course and scope of her employment when she was injured. The WCJ rejected Petitioner's claim for benefits because Petitioner failed to sustain her burden of proving that she acted within the course and scope of her employment and was actually engaged in the furthering of the business or affairs of Employer when she was injured in the automobile

---

**1.** This Court's scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence in the record, whether an error of law was made or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen Of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).

accident. The WCJ relied upon the testimony of Mr. Ross, Petitioner's supervisor, and found that the seminar he and Petitioner attended in Massachusetts was concluded at 5:30 p.m. After returning to the hotel, Petitioner and her supervisor decided to go sightseeing in Boston at approximately 7:00 p.m. Mr. Ross testified that he and Petitioner went to bars for drinks, leaving the last bar around 12:30 a.m.

Petitioner contends that when an employee sets out upon the business of his or her employer and is injured, there is a presumption that the employee was engaged in the furtherance of the employer's business at the time of injury. *Jones v. Workmen's Compensation Appeal Board (Rehabilitation Coordinators, Inc.)*, 88 Pa.Cmwlth. 426, 489 A.2d 1006 (1985). Despite this presumption, however, the plain language of Section 301(c)(1) of the Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1), should govern. That section provides in part that: " 'injury arising in the course of his employment' ... shall include ... injuries sustained while the employe is actually engaged in the furtherance of the business or affairs of the employer...."

This Court must decide whether the record when taken as a whole is sufficient to establish that the Board did not err when it concluded that Petitioner did not sustain injuries while acting within the scope of her employment. The referee is the factfinder and is at liberty to accept or reject the testimony of any witness in whole or in part. *Ashe v. Workmen's Compensation Appeal Board (American Steel & Aluminum Corp.)*, 140 Pa.Cmwlth. 615, 594 A.2d 824 (1991). Moreover, the burden of proof is upon the claimant seeking benefits to demonstrate eligibility. *Hepp v. Workmen's Compensation Appeal Board (B.P. Oil Co.)*, 67 Pa.Cmwlth. 330, 447 A.2d 337 (1982).

In *Capitol Int'l Airways, Inc. v. Workmen's Compensation Appeal Board*, 58 Pa.Cmwlth. 551, 428 A.2d 295 (1981), this Court held that at the time of death, an airline flight engineer's activities were not within the scope of employment and that the engineer's death was not work related where he fell out of a window of a hotel other than the one provided by the employer; there was a three-day layover where the claimant was not required to perform any duties relating to his occupation as flight engineer; and Capitol was not advised of his location during the rest periods. Here, Petitioner was pursuing personal interests. She was sightseeing and drinking in Boston, over thirty-five miles from the hotel provided by Employer, and it was upon returning to the hotel when Petitioner sustained injuries for which she claims benefits. Petitioner's actions at the time of her injuries did not further the business of her employer even in the face of her contention that the evening was spent discussing business.

In *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Seeley)*, 110 Pa.Cmwlth. 619, 532 A.2d 1257 (1987), *appeal denied,* 519 Pa. 662, 546 A.2d 623 (1988), this Court allowed fatal claim benefits where the travelling employee was killed while crossing a highway upon his return from recreational activities on a mandatory layover of eight hours between trips. The employee worked as an over-the-road truck driver; the employer had a direct line to the hotel provided by the employer; the employee was on call at all times; and if not in his room, the employee would be located by the hotel. Relying upon a line of cases involving roving employees, the Court recognized that the employee had no fixed work place and held that his employment relationship was not breached by recreational activities during the waiting period for resumption of employment duties. Such was not the case here, and Petitioner therefore may not rely upon *Roadway Express.*

The case sub judice can be distinguished from *Schreckengost v. Workmen's Compensation Appeal Board,* 43 Pa.Cmwlth. 587, 403 A.2d 165 (1979), also relied upon by Petitioner. In *Schreckengost,* a truck driver was determined to be acting in the course of his employment even though his only "job duty" was to wait for his load in the morning. The employee waited at the employer's convenience, and the fact that he went out to have a few beers did not change the result. The Court considered, among other factors, that

the course of employment of a travelling employee is broader than that of an ordinary employee and is to be liberally construed to effectuate the purposes of the Act.[2]

The Board concluded that there was no evidence of record to suggest that Petitioner was "on call" when she and Mr. Ross went out for the evening or that she was required by her employment to go sightseeing for the evening. The Board further concluded that the testimony of Mr. Ross provided substantial competent evidence that Petitioner was not required by her employment to leave her hotel and travel over thirty-five miles to Boston for an evening of sightseeing and drinking, nor was she on any mission for Employer's business that evening. Petitioner's activities, therefore, were not within the course and scope of her employment. Accordingly, the Board's order is affirmed.

### ORDER

AND NOW, this 18th day of December, 1995, the order of the Workmen's Compensation Appeal Board is affirmed.

---

**2.** In *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens),* 70 Pa.Cmwlth. 163, 452 A.2d 902 (1982), a bus driver was injured while on lunch break. The Court noted the general rule that a travelling employee while so engaged is acting within the course of employment unless what the employee was doing at the time of the accident is so foreign to and removed from the employee's usual employment as to constitute an abandonment.