601 A.2d 931

**SPANGLER FIRE COMPANY, et al., Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD**
**(Jack GREER and Miner's Hospital of North**
**Cambria), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 8, 1991.

Decided Jan. 6, 1992.

Robert G. Rose, for petitioners.

Edward G. Kuyat, Jr., for respondent.

Before COLINS and KELLEY, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Before this Court is the petition for review of Spangler Fire Company (Fire Company) from the June 26, 1991 order of the Workmen's Compensation Appeal Board (Board) which modified the referee's decision with regard to compensation but affirmed his decision in all other respects. The Board's decision is affirmed.

Jack Greer (Decedent) was employed by Miner's Hospital (Hospital) in Spangler, Pennsylvania as a supervisor in the radiology department of the Hospital. The Decedent was also a volunteer fireman for the Spangler Fire Company. On the evening of March 21, 1985 while in the course of his employment with the Hospital, the Decedent received a report of smoke coming from the back of Hospital property. The Decedent left his office and returned a few minutes later with instructions to call the Fire Company. At this time, he appeared rushed, excited and was breathing heavily. The fire was located on a vacant lot uphill and behind the Hospital. In order to get to the fire, the Decedent was required to go up three flights of stairs during each of the two trips to the scene of the fire. Decedent did not in any

way participate in fighting the fire nor did he wear any fire fighting clothing or equipment. After the fire was out, Fire Chief Francis Gomolka handed the portable radio to Decedent who stood in front of the fire truck while the fire chief went to investigate the cause of the fire. The chief instructed Decedent to take charge of the portable radio, answer any calls and notify the chief if anyone wished to speak to him. After taking charge of the radio, the Decedent collapsed and was pronounced dead of a heart attack shortly thereafter.

Anna M. Greer (Claimant), widow of the Decedent, filed two fatal claim petitions on August 21, 1986 pursuant to Section 301(c)(1) of The Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 411(1). One petition named the Fire Company as defendant and the other petition named the Hospital as defendant. The Hospital subsequently filed a petition joining the Fire Company as a necessary defendant. The referee joined the defendants and after hearing found that Claimant had shown that Decedent had an injury within the meaning of Section 301(c)(1) of the Act which caused his death. The referee further found that Decedent's fatal injury occurred while he was in the course of his employment as a volunteer fireman for the Fire Company, that the Fire Company is obligated to pay Claimant's compensation as provided by Section 307 of the Act, *as amended*, 77 P.S. § 561, and that the Hospital should be dismissed from this matter. The Fire Company appealed to the Board which modified the compensation rate paid to Claimant but affirmed the referee's decision in all other respects. The issue before this Court is whether the evidence of record supports the referee's determination that Decedent was acting within the scope of his employment as a volunteer fireman and not within the scope of his employment as a hospital administrator at the time of his injury.[1]

1. This Court's scope of review in a workmen's compensation matter is limited to a determination of whether constitutional rights were violated, whether an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Russell v.*

490

The Fire Company argues that the Decedent was not acting within the scope of his employment as a volunteer fireman at the time of his injury. Specifically, the Fire Company asserts that because the referee found that the Decedent's stressful activity occurred on the first trip to the fire scene when the Decedent was acting as a hospital employee, it was error for the referee to award benefits against the Fire Company merely because the injury manifested itself at a time just minutes later when the Decedent was acting as a volunteer fireman. Section 301(c)(1) of the Act, *as amended,* 77 P.S. § 411(1) has been interpreted to mean an injury arising in the course of employment and related thereto. *See e.g., Westinghouse Electric v. Workmen's Compensation Appeal Board,* 489 Pa. 485, 414 A.2d 625 (1980). That interpretation has resulted in heart attack cases being resolved by a close examination of whether or not work activity provoked the cardiac event regardless of when and where the event first manifests itself. *New Enterprise Stone and Lime v. Workmen's Compensation Appeal Board (Baird),* 124 Pa.Commonwealth Ct. 257, 555 A.2d 974 (1989).

The Fire Company asserts that the referee erred in equating the time of injury with the time of the manifestation of the injury. Specifically, the Fire Company asserts that the referee erred in finding that the Decedent stepped out of his role as a hospital employee and into his role as a fireman just before he died and that because he was acting as a fireman when the heart attack caused his death, then the injury arose out of his employment as a fireman. The Fire Company argues that the referee should have come to the conclusion that the thrombus, which caused Decedent's heart attack, formed while the Decedent was a rushed and worried hospital employee and that this resulted in his death later on at the fire scene.

The referee is the ultimate finder of fact and has sole authority to decide what facts to accept and to decide

*Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

questions as to credibility of witnesses. *Universal Cyclops Steel Co. v. Krawczynski,* 9 Pa.Commonwealth Ct. 176, 305 A.2d 757 (1973). The referee has this authority in cases involving heart attacks as well. *Krawchuk v. Philadelphia Electric Co.,* 497 Pa. 115, 439 A.2d 627 (1981). In order for a heart attack to be compensable under the Act, a claimant must establish that the injury arose in the course of employment and that it was related to such employment. *Yantos v. Workmen's Compensation Appeal Board (Vulcan Mold & Iron Co., Division of Vulcan, Inc.),* 128 Pa.Commonwealth Ct. 231, 563 A.2d 232 (1989).

■ In the matter sub judice, on the evening of his death, Decedent was working in his capacity as a hospital employee. Finding of Fact No. 11. He was informed of a fire at another location on the hospital grounds and went to investigate. He subsequently returned to the hospital and gave instructions to call the Fire Company. Thereafter, he returned to the fire scene. Findings of Fact Nos. 11–12, 16. The Decedent, after arriving at the fire scene the second time, spoke with other firemen and was holding a fire company radio when he died. Findings of Fact Nos. 16–17. In hearing this matter, the referee found the testimony of Claimant's physician, Dr. Thomas Cardellino, to be credible. Dr. Cardellino testified that Decedent died as a result of the physical and mental stress put upon him by the fire and that the physical activity of running back and forth between the hospital and the fire was the precipitating factor in Decedent's death. Deposition of Dr. Cardellino, pp. 7–9. Dr. Cardellino also testified that his opinions would change if the Decedent had walked slowly and quietly up and down the stairs to the fire. Cardellino Deposition, p. 26.

While the referee considered the testimony of Decedent's co-worker, Nancy Stierman, that the Decedent walked normally the second time he went up the stairs, he considered the testimony of another co-worker, Marcia Smith, to be more persuasive. That testimony was that the Decedent appeared to be breathing heavy after his first trip up and down the stairs. The referee also found credible the testi-

mony of the Fire Company's captain, Patrick Eckenrode, wherein Mr. Eckenrode testified that the Decedent was always excited by the occurrence of a fire. Based upon all the testimony of record, the referee found that the Decedent was furthering the interest of the Hospital when the Decedent made the first trip to the fire scene to find the location of the fire. At this time, the Decedent did not know whether or not the fire was going to be a threat to hospital personnel and/or patients. The referee also found that from the time the Decedent left the Hospital for a second trip to the fire scene until his death, the Decedent was employed as a fireman and was responding to the fire alarm since he had established there was no threat to the Hospital.

Consequently, the referee concluded that based upon the adequate and substantial evidence of record, Decedent's death was as a result of the physical stress of going up and down stairs to reach the fire scene, as well as the emotional stress caused by the fire. Further, testimony of record offered by Marcia Smith, Francis Gomolka and Patrick Eckenrode relative to the issue of whether the Decedent was acting as a fireman at the time of his death; that the Decedent was excited by the occurrence of the fire; that on the second trip to the fire he knew the fire was a minor one and not a threat to hospital property, personnel or patients; and that the Decedent was operating the Fire Company radio when he collapsed, is substantial enough to support the referee's findings in that regard.

The referee is the ultimate factfinder and is free to accept or reject the testimony of any witness in whole or in part. *Universal Cyclops.* Consequently, the Board's decision affirming the referee must be affirmed.

## ORDER

AND NOW, this 6th day of January, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.